2011 Ark. 501

**JONESBORO HEALTHCARE CENTER, LLC,**
Appellant

v.

**EATON–MOERY ENVIRONMENTAL SERVICES, INC., d/b/a Delta Environmental, Appellee.**

No. 11–294.

Supreme Court of Arkansas.

Dec. 1, 2011.

**798**

Mark David Wankum, Little Rock, for appellant.

Dennis Murray Zolper and Keith L. Chrestman, Jonesboro, for appellee.

DONALD L. CORBIN, Justice.

Appellant, Jonesboro Healthcare Center, LLC (Jonesboro Healthcare), appeals the order of the Craighead County Circuit Court dismissing without prejudice the complaint of Appellee, Eaton–Moery Environmental Services, Inc., d/b/a Delta Environmental (Delta Environmental), for failure to obtain service. This case was certified to this court by the court of appeals as one involving an issue of first impression needing clarification of the law and requiring interpretation of a court rule, namely Ark. R. Civ. P. 41 (2011). Jurisdiction is properly in this court pursuant to Ark. Sup.Ct. R. 1–2(b)(1), (b)(5), and (b)(6) (2011). We find no error in the circuit court's order and affirm.

Delta Environmental initially filed this contract suit in the Craighead County District Court on August 6, 2010. The complaint alleged damages of $26,460.38 (excluding interest, costs, and attorney's fees) for the early termination of a five-year contract for services. It was mistakenly filed in district court, as the complaint was captioned "IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY" and alleged damages in excess of the district court's jurisdiction.[1]

Seven days later on August 13, 2010, and before Jonesboro Healthcare had filed an answer, the district court entered an order dismissing the case without preju-

1. The subject-matter jurisdiction of the district courts in civil cases, as well as the jurisdictional amount, is determined by the supreme court. Ark. Const. amend. 80, § 7(B). In addition, Ark.Code Ann. § 16–17–704 (Repl.2010) provides that district courts shall have subject-matter jurisdiction "as established by Supreme Court rule." Pursuant to Ark. Sup.Ct. Admin. Order No. 18(3)(a) and (b), this court has provided that, as applicable to the present case, the district courts have exclusive jurisdiction in all matters of contract where the amount of controversy does not exceed $100, excluding interest, costs, and attorney's fees, and concurrent jurisdiction with circuit courts in matters of contract where the amount in controversy does not exceed $5,000, excluding interest, costs, and attorney's fees.

dice due to a lack of subject-matter jurisdiction. The order stated that counsel for Delta Environmental had informed the district court that it had filed this case in the wrong court and that the district court did not have subject-matter jurisdiction. The order also stated that Delta Environmental requested that the dismissal be without prejudice.

On the same day the dismissal was entered in district court, Appellee filed the identical complaint in circuit court. Appellant Jonesboro Healthcare answered the complaint on August 24, 2010, and then on December 15, 2010, moved to dismiss the complaint with prejudice based on a fatally flawed summons that did not meet the requirements of Ark. R. Civ. P. 4(b) (2011). Jonesboro Healthcare argued in the motion that this would be the second dismissal in the case following a first dismissal that was a voluntary nonsuit and therefore should be a dismissal with prejudice pursuant to Ark. R. Civ. P. 41(b).

The circuit court entered its order on February 10, 2011, granting Jonesboro Healthcare's motion to dismiss. The circuit court concluded that the summons was fatally defective and not timely served, but that the previous dismissal in the district court did not trigger the two-dismissal rule in Rule 41(b) because the district court lacked subject-matter jurisdiction. Accordingly, the circuit court entered the current dismissal without prejudice. The circuit court then entered an amended order with an Ark. R. Civ. P. 54(b) certification, and Jonesboro Healthcare filed a timely notice of appeal from both the order and the amended order. The sole point advanced by Jonesboro Healthcare for reversal of the order is that the circuit court erred in dismissing the suit without prejudice under Rule 41(b).

 Generally speaking, a Rule 41(b) dismissal is reviewed under the abuse-of-discretion standard. *See, e.g., Wolford v. St. Paul Fire & Marine Ins. Co.*, 331 Ark. 426, 961 S.W.2d 743 (1998). However, when this court must construe a court rule, our appellate review is de novo. *See, e.g., Kesai v. Almand*, 2011 Ark. 207, 382 S.W.3d 669. When we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. *Id.* In considering the meaning and effect of a statute or rule, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the drafting body. *See Vanderpool v. Fid. & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). As a guide in ascertaining the drafter's intent, this court often examines the history of the statute or rule involved, as well as the contemporaneous conditions at the time of their enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. *See id.*

 For its sole point on appeal, Jonesboro Healthcare challenges the ruling that the dismissal of Delta Environmental's complaint was without prejudice. Jonesboro Healthcare asserts that under Rule 41(b), the dismissal for failure to obtain proper service should have been with prejudice because Delta Environmental had "previously taken a voluntary non-suit of an identical suit pending in district court."

Delta Environmental responds that the circuit court was correct in its conclusion that a dismissal for want of subject-matter jurisdiction does not trigger the two-dismissal component of Rule 41(b) because that component of Rule 41(b) operates to conclude a case with an adjudication on the merits, and a court that wants for subject-matter jurisdiction is powerless to adjudi-

cate a case on its merits. Thus, Delta Environmental contends that only a dismissal from a court that possesses jurisdiction should trigger the two-dismissal rule of Rule 41(b). In support of this response, Delta Environmental cites the following: "[a] dismissal for [improper venue or] lack of subject matter jurisdiction does not constitute the kind of involuntary dismissal contemplated by Rule 41(b) and thus will be without prejudice, even if it is the second dismissal." 2 David Newbern, John J. Watkins & D.P. Marshall, Jr., *Arkansas Civil Practice and Procedure* § 27:5 (5th ed.2010).

To resolve the question here presented, we must apply and interpret Rule 41, which provides in pertinent part as follows:

*Rule 41. Dismissal of actions.*

*(a) Voluntary Dismissal; Effect Thereof.*

(1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

(2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

(3) In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding on his claim although the plaintiff may have dismissed his action.

*(b) Involuntary Dismissal.* In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court' docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41.

Noticeably absent from this rule is any mention of a dismissal due to lack of subject-matter jurisdiction. Accordingly, we begin our application and interpretation of Rule 41 to the facts of this case with the observation that, according to *Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996), a failure to properly obtain service is a failure to comply with Rule 4 and consequently a failure "to comply with these rules" as provided in Rule 41(b). Thus, pursuant to *Bakker*, Delta Environmental's failure to comply with Rule 4 operates as an involuntary dismissal for purposes of Rule 41(b).

That conclusion brings us to the two-dismissal component of Rule 41(b), and there we see that "[a] dismissal under this subdivision is without prejudice to a future action by the plaintiff *unless the action has been previously dismissed, whether voluntarily or involuntarily,* in which event such dismissal operates as an adjudication on the merits." (Emphasis added.) As previously noted, the circuit court ruled

that the prior dismissal in district court did not trigger the two-dismissal rule because the district court lacked subject-matter jurisdiction. Jonesboro Healthcare contends this was error because the prior dismissal in district court was a "voluntary non-suit." Jonesboro Healthcare, however, cites absolutely no authority for the premise of its argument that a dismissal for lack of subject-matter jurisdiction is the equivalent of a voluntary nonsuit.

 The prior dismissal in district court was due to a lack of subject-matter jurisdiction and was not a voluntary non-suit in the traditional sense that a plaintiff voluntarily chooses to exercise his unilateral and absolute right to dismiss his complaint pursuant to Rule 41(a) for matters that were in his control or matters of his choice, such as needing more time to investigate facts, to locate and interview witnesses, or to obtain service on parties or witnesses. Unlike locating witnesses and the like, subject-matter jurisdiction is not something within a plaintiff's control, nor is it a matter within a plaintiff's choice. Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *St. Paul Mercury Ins. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002). Subject-matter jurisdiction cannot be conferred on a court by consent of the parties, *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995), or by waiver, *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). This court has made it clear that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and is a matter this court is obliged to raise on its own when the parties do not.

*Pederson*, 354 Ark. 716, 128 S.W.3d 818; *Priest*, 322 Ark. 673, 912 S.W.2d 902.

Now, to be certain, it is true that Delta Environmental did voluntarily raise the lack of subject-matter jurisdiction to the district court. Some six days after discovering the mistaken filing in district court, counsel followed his professional duty of candor and notified the district court of this mistake. *See* Ark. R. Prof'l Conduct 3.3(a)(1). But the fact that the district court's want of subject-matter jurisdiction was first brought to the court's attention by Delta Environmental, does not in any way change the fact that the dismissal entered by the court was due to its lack of subject-matter jurisdiction. Thus, while the dismissal may be considered voluntary in the sense that it came at the plaintiff's request, it was not voluntary in the sense that the plaintiff could choose whether to take the case forward or to exercise its absolute right to dismiss under Rule 41(a), as subject-matter jurisdiction cannot be conferred by consent of the parties or by waiver. *Pederson*, 354 Ark. 716, 128 S.W.3d 818; *Priest*, 322 Ark. 673, 912 S.W.2d 902. Moreover, there is no mechanism by which a transfer to circuit court could have been had. If a plaintiff's claim exceeds the jurisdictional amount, the district court "upon its own motion or upon motion of either party, *shall* dismiss the claim for lack of subject matter jurisdiction." Ark. Dist. Ct. R. 7(b) (emphasis added).[2] It is clear then that Appellee had no choice and certainly no unilateral right to allow the case to proceed in district court. Thus, we reject the premise of Jonesboro Healthcare's argument and conclude that the first dismissal for lack of subject-matter jurisdiction in district court

**2.** Prior to the adoption of Ark. Dist. Ct. R. 7(b), a case could be transferred to circuit court when the claim exceeded the jurisdictional amount of the district court. *See Bonnell v. Smith*, 322 Ark. 141, 908 S.W.2d 74 (1995).

was not a voluntary nonsuit or a voluntary dismissal under Rule 41(a).

■ Returning to our application of Rule 41(b) to this case, and keeping in mind our conclusion that the district court's dismissal for lack of subject-matter jurisdiction was not a voluntary nonsuit or *voluntary* dismissal under Rule 41(a), we now consider whether the district court's dismissal is a type of *involuntary* dismissal that is contemplated in the two-dismissal component of Rule 41(b). At first glance, a literal interpretation of the words "whether voluntarily or involuntarily" giving them their ordinary and common meaning would lead to the conclusion that a dismissal for want of subject-matter jurisdiction would be an involuntary dismissal. However, such a literal application and interpretation leads to an absurd result that is not only contrary to the purpose and intent of the rule, but also contrary to well-established law. A literal application that leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose. *Curry v. Pope County Equalization Bd.*, 2011 Ark. 408, 385 S.W.3d 130 (2011). Just as we will not interpret statutory provisions so as to reach an absurd result, neither will we interpret a court rule in such a manner. *See In re Estate of Stinnett*, 2011 Ark. 278, 383 S.W.3d 357.

■ |₉As for our conclusion that a literal interpretation of the ordinary meaning of the language used in Rule 41(b) yields an absurd result contrary to well-established law, we note our agreement with the view cited to us by Delta Environmental that a dismissal for lack of subject-matter jurisdiction is not contemplated within Rule 41(b)'s two-dismissal rule. We acknowledge, however, that the case cited to support this view, *Carton v. Missouri Pac. R.R. Co.*, 295 Ark. 126, 747 S.W.2d 93 (1988), seems to rely on the fact that the

previous dismissal for lack of subject-matter jurisdiction was sought on the defendant's motion, and not on the plaintiff's motion as was done in the present case. However, as we have indicated in our previous discussion, that the dismissal came at the plaintiff's request has no effect in our resolution of this appeal because the district court lacked subject-matter jurisdiction regardless of whether the plaintiff or the defendant or the court itself first discovered that fact. It is the lack of subject-matter jurisdiction that is the determining factor in our decision that Rule 41(b) does not apply, and it matters not in this context who requested the dismissal. A court that acts without subject-matter jurisdiction or in excess of its jurisdiction produces a result that is void and cannot be enforced. *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). Certainly then, a dismissal from a court that lacks subject-matter jurisdiction cannot operate under Rule 41(b) as an "adjudication on the merits." Thus, a literal application or interpretation of the ordinary meaning of the language used in Rule 41(b) leads to a result that is contrary to well-established law and therefore an absurd result.

A literal application and interpretation of the language of Rule 41(b) also produces a result that is contrary to the intent of the rule. Rule 41(b) "was intended to allow the trial |₁₀courts to clean up their dockets and get stale cases off the active docket." *Cory v. Mark Twain Life Ins. Corp.*, 286 Ark. 20, 22, 688 S.W.2d 934, 935 (1985). This court has further explained the purpose of the rule as follows:

> The primary purpose of the two-dismissal rule is to prevent unreasonable use of the plaintiff's unilateral rights to dismiss an action prior to the filing of the defendant's responsive pleading, and it is an exception to the general principle that a voluntary dismissal of an action

does not bar a new suit based upon the same claim. *See, e.g., Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637 (7th Cir.1987); *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d Cir. 1975). The two-dismissal rule was unique at the time it was first adopted, and its intention was to prevent delays and harassment by plaintiffs securing numerous dismissals without prejudice. 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure Civ.* § 2368 (2d ed.1995). But where the purpose behind the two-dismissal exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly. *Poloron, supra.*

*Smith v. Washington*, 340 Ark. 460, 464, 10 S.W.3d 877, 880 (2000). Applying the language of Washington concerning the purpose of the two-dismissal rule to the present case, we note that there has been no "unreasonable use of the plaintiff's unilateral rights to dismiss an action prior to the filing of the defendant's responsive pleading" because as we determined previously in this opinion, a dismissal for lack of subject-matter jurisdiction may be raised by either party or the court itself and is therefore not within Delta Environmental's "unilateral rights to dismiss." In addition, there have not been any "delays and harassment by the plaintiffs securing numerous dismissals without prejudice." Rather, there has been only this one dismissal for lack of subject-matter jurisdiction and absolutely no harassment at all— but simply a mistake—a mistake that the plaintiff discovered on his own and candidly brought to the district court's attention before the defendant ever filed an answer. As previously noted, such conduct of

candor with the trial courts by counsel is encouraged by the rules of professional conduct and should certainly not be penalized by operation of court rules. In addition, this case was not stale, as the complaint had only been filed in district court for six days and the defendant had not even answered yet when the plaintiff brought the lack of subject-matter jurisdiction to the district court's attention.

Thus, according to the purpose of the two-dismissal rule expressed in Rule 41 and as stated in *Cory* and *Washington*, the literal application of the plain language of Rule 41(b) to the facts of this case would bring about a harsh and absurd result that does not serve the purpose behind the two-dismissal rule. In addition, a literal interpretation yields an absurd result contrary to the well-established law that a court that wants for subject-matter jurisdiction is powerless to act in a manner that effectively adjudicates a case on its merits. Such a result would be especially harsh in this case because it would close the courthouse doors to a litigant who followed his ethical duty of candor to make the district court aware of its lack of subject-matter jurisdiction. If counsel in this case had remained silent upon the discovery of his mistake, either the defendant or the court would surely have discovered the lack of jurisdiction and then the first dismissal would not have come at the plaintiff's request, which would then not count toward the two-dismissal rule according to the holding in *Carton*, 295 Ark. 126, 747 S.W.2d 93. This court cautioned against such a harsh result in *Washington*, when it said that "where the purpose behind the two-dismissal exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the

exception too broadly." *Id.,* 340 Ark. at 464, 10 S.W.3d at 880.

In summary, we conclude that dismissal for lack of subject matter-jurisdiction is not the type of voluntary dismissal contemplated by Rule 41(a), nor the type of involuntary dismissal that is contemplated by Rule 41(b). Rule 41 is silent with respect to dismissals for lack of subject-matter jurisdiction, and a literal application of the plain language of Rule 41(b) concerning previous dismissals "whether voluntarily or involuntarily" to include a reference to dismissals for want of subject-matter jurisdiction brings about a harsh result in this case not intended by the rule, as well as an absurd result that is contrary to well-established law. The circuit court therefore did not err in concluding that the prior dismissal in district court for want of subject-matter jurisdiction did not trigger the two-dismissal rule in Rule 41(b). Despite the dissenting opinion's assertions to the contrary, our decision today is not results-oriented, but is one that follows this court's long-established practice of refusing to blindly apply the plain language of a statute or rule in such a manner as to produce an absurd result that defies common sense and is contrary to the drafter's intent. *See, e.g., Curry,* 2011 Ark. 408, 385 S.W.3d 130; *St. Paul Fire & Marine Ins. Co. v. Griffin Constr. Co.,* 338 Ark. 289, 993 S.W.2d 485 (1999); *Carroll v. Gillespie & Bros.,* 41 Ark. 468 (1883). Moreover, unlike the dissent, we have every confidence in the ability of the bench and bar to apply Rule 41 in a manner consistent with the drafter's intent. After all, the circuit court had no difficulty in so applying the rule in this case. Accordingly, the order dismissing Delta Environmental's complaint without prejudice is affirmed.

DANIELSON and GOODSON, JJ., dissent.

PAUL E. DANIELSON, Justice, dissenting.

Because I would have modified the circuit court's dismissal to a dismissal with prejudice, I respectfully dissent. I understand the majority's desire to exclude a dismissal for lack of subject-matter jurisdiction from the type of dismissal that triggers the two-dismissal rule under Rule 41; however, I disagree in ignoring the plain language of the rule in order to reach that desired result. It is in the application of our rules of construction that the majority goes astray.

As stated in the majority, when we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. *See Jackson v. Sparks Reg'l Med. Ctr.,* 375 Ark. 533, 294 S.W.3d 1 (2009). However, the majority opinion avoids our well-settled rule of construction that when the language is plain and unambiguous, we determine the intent of the drafting body from the ordinary meaning of the language used. *See City of Little Rock v. Rhee,* 375 Ark. 491, 495, 292 S.W.3d 292, 294 (2009). *See also Yamaha Motor Corp., U.S.A. v. Richard's Honda Yamaha,* 344 Ark. 44, 52, 38 S.W.3d 356, 361 ("[B]ecause the language is not ambiguous, we then look to its plain meaning to determine the ... intent.").

The plain language of Rule 41(b) instructs that a second dismissal operates as an adjudication on the merits when the action has been previously dismissed, regardless of whether the dismissal was voluntary or involuntary. Here, it is undisputed that there was a prior dismissal ordered. Nowhere does the rule limit itself to or exclude certain types of dismissals. Pursuant to the plain and unambiguous language of Rule 41(b), this case should have been dismissed with prejudice to future actions as an adjudication on the merits.

The majority insinuates that a dismissal with prejudice would have been an absurd result in this case. I believe it was simply not the majority's desired result, which is hardly the same. I cannot subscribe to interpreting our rules in a manner that the bench and the bar cannot rely on what they say. If we interpret our rules on a case-by-case basis, being swayed by the result of our interpretation, why then do we provide these things we call rules?

GOODSON, J., joins.