2012 Ark. 129

**Donnell RICHARD, Appellant**

v.

**UNION PACIFIC RAILROAD COMPANY, Appellee.**

No. 11–650.

Supreme Court of Arkansas.

March 29, 2012.

Rehearing Denied May 3, 2012.

Gene E. McKissic, Pine Bluff and Raymon Todd Elias, Houston, TX, for appellant.

Robert Stephen Shafer, James Carl Baker Jr. and Jamie Huffman Jones, Little Rock, for appellee.

ROBERT L. BROWN, Justice.

Appellant Donnell Richard brings this appeal in which he challenges the order of the Jefferson County Circuit Court granting appellee Union Pacific Railroad Company's (Union Pacific) motion to dismiss Richard's complaint with prejudice based on Arkansas Rule of Civil Procedure 41. Richard contends that the circuit court erred in its interpretation and application of Rule 41 to the facts of this case. We agree, and we reverse the circuit court's dismissal of Richard's complaint and remand for further proceedings.

On March 28, 2008, Richard filed a complaint in the Federal District Court of Harris County, Texas, against Union Pacific under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60. In that complaint, he alleged that, during the course and scope of his employment, he suffered physical injuries because of Union Pacific's negligence. On October 14, 2009, Richard filed a notice of nonsuit without prejudice in the Texas federal district court. That court granted Richard's motion and entered an order of nonsuit on October 16, 2009.

On March 11, 2010, Richard refiled his cause of action against Union Pacific in Arkansas in the Jefferson County Circuit Court. On July 6, 2010, Union Pacific answered and affirmatively pled, among other things, that Richard's complaint should be dismissed for insufficiency of service of process and insufficiency of process. On September 7, 2010, Union Pacific moved to dismiss Richard's complaint, alleging that Richard's summons was defective because it stated that Union Pacific, a foreign corporation, had sixty days to answer the complaint instead of the thirty days required by law. Union Pacific asserted in its motion, in addition, that it was entitled to a dismissal with prejudice under Arkansas Rule of Civil Procedure 41(b) in light of Richard's prior voluntary dismissal of his suit in Texas.

In response to this motion, Richard filed an affidavit by his counsel, Todd Elias, as well as an affidavit by Gordon Holloway, Union Pacific's counsel in the Texas case. Elias and Holloway averred in their respective affidavits that the Texas complaint was dismissed because Richard filed a nonsuit at Union Pacific's request and with its agreement. Specifically, Holloway stated in his affidavit that he contacted Elias, to see if Elias would agree to dismiss the case in Texas and refile the case in Arkansas so that Union Pacific might be able to bring a third-party claim against an Arkansas company who was not subject to suit in Texas.

On March 4, 2011, the circuit court held a hearing on Union Pacific's motion to dismiss. At that hearing, Richard claimed that the two-dismissal rule set out in Rule 41 did not apply because the first dismissal in Texas was the result of a joint agreement between the parties to dismiss the Texas case. Union Pacific responded and contended that Richard's complaint should be dismissed with prejudice because the parties did not enter into a joint agreement regarding dismissal of the first complaint. Union Pacific maintained that the record only reflected that Richard requested and obtained a nonsuit on his own motion. Therefore, Union Pacific urged, Richard's complaint should be dismissed with prejudice under Rule 41(b) because this was a second dismissal following his previous nonsuit in Texas.

The circuit court concluded at the hearing that Richard's summons was defective because it stated that Union Pacific had sixty, rather than thirty, days to answer the complaint. The court further found that Richard's complaint should be dismissed under Arkansas Rule of Civil Procedure 4(i) because service of the summons had not been completed on Union Pacific within 120 days after the filing of the complaint. The court then issued its ruling on whether the dismissal would be with or without prejudice. Apparently relying on Rule 41(a) to dismiss with prejudice, the court said

[T]he rule is plain. It says, a voluntary dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claims . . . unless all parties agree by written stipulation that such dismissal is without prejudice. In this case . . . there is no written stipulation that [this case is] dismissed without prejudice. So, with the plain reading of Rule 41, and . . . the Arkansas Rules of Civil Procedure [are] to be strictly construed, the court has no choice but to order that [this case is] dismissed with prejudice. And that will be the order of the court.

On March 15, 2011, the circuit court entered an order dismissing the case with prejudice "[f]or all the reasons stated by the court on the record at the hearing." A week later, on March 22, 2011, the circuit court entered a second order granting Union Pacific's motion to dismiss and dismissing Richard's complaint with prejudice. Specifically, the court said in its March 22, 2011 order, "After reviewing the pleadings and upon the argument of counsel, this Court finds that Union Pacific's Motion to Dismiss is well-founded and hereby grants the motion and dismisses the Complaint with prejudice." [1]

The sole question on appeal is whether the first dismissal in Texas triggers the two-dismissal rule under either Rule 41(a) or (b) and, thus, whether the circuit court erred in dismissing the suit

---

1. In addition to this case, a companion case, *Mack v. Union Pacific R.R. Co.*, 2012 Ark. App. 115, —— S.W.3d ——, was appealed to the court of appeals. The *Mack* case involved the same facts, same issues, and same attorneys as the instant case. These two cases were also heard together before the circuit court. The court of appeals determined that the second dismissal was involuntary and, therefore, applied Arkansas Rule of Civil Procedure 41(b). *Mack*, 2012 Ark. App. 115, at 6, —— S.W.3d at ——. In *Mack*, unlike the instant case, there was no evidence submitted supporting Mack's contention that there was a joint agreement to nonsuit the Texas case. The court of appeals, accordingly, concluded that the Texas case was unilaterally and voluntarily dismissed by Mack and held that the circuit court, therefore, did not err in dismissing Mack's Arkansas complaint with prejudice under Rule 41(b). *Id.* at 8–9, —— S.W.3d at ——.

with prejudice.[2] In general, a Rule 41 dismissal is reviewed under the abuse-of-discretion standard. *See Jonesboro Healthcare Ctr., LLC v. Eaton–Moery,* 2011 Ark. 501, 385 S.W.3d 797. But when this court must construe the meaning of a court rule, our review is de novo. *Id.* When we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. *Id.* In considering the meaning and effect of a statute or rule, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the drafting body. *Id.* As a guide in ascertaining the drafter's intent, this court often examines the history of the statute or rule involved, as well as the contemporaneous conditions at the time of their enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. *Id.*

Richard initially claims that the circuit court erred in dismissing his complaint with prejudice based on Arkansas Rule of Civil Procedure 41(a), which provides in pertinent part:

(a) Voluntary Dismissal; Effect Thereof.

(1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effec-tive only upon entry of a court order dismissing the action.

(2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

He contends that the circuit court's dismissal was in error because he did not unilaterally or voluntarily dismiss his cause of action against Union Pacific in Texas. He maintains, instead, that the Texas case was dismissed at the suggestion, and with the full agreement, of Union Pacific. Relying on this court's decision in *Smith v. Washington,* 340 Ark. 460, 10 S.W.3d 877 (2000), he urges this court not to apply a "literal" interpretation of Rule 41 because the purpose behind that rule, which is to prevent unreasonable use of the plaintiff's unilateral rights to dismiss an action, is not served where there has been a joint agreement between the plaintiff and defendant to dismiss the case. He urges this court to hold that the Texas dismissal did not count toward the two-dismissal rule.

Union Pacific, in contrast, maintains that the *Smith* decision is inapplicable to the case at hand because it involved a joint stipulation to dismiss, while in the instant case, the nonsuit in Texas was requested by Richard alone. It further contends that *Smith* was decided in the context of Rule 41(a), and this case should be analyzed in light of Rule 41(b).[3] Therefore,

**2.** It is unclear from the record whether the circuit court dismissed Richard's complaint pursuant to Arkansas Rule of Civil Procedure 41(a) or (b). The nature of the second dismissal is irrelevant, however, if this court determines that the Texas dismissal did not

trigger the two-dismissal rule under either subsection of Rule 41.

**3.** Rule 41(b) provides as follows:

(b) Involuntary Dismissal. In any case in which there has been a failure of the plain-

according to Union Pacific, *Smith* does not apply to the case before us.

An analysis of the *Smith* case is necessary to the resolution of this case. In *Smith,* the plaintiff's first complaint, which was filed in federal district court, was dismissed pursuant to a joint stipulation of dismissal without prejudice executed by both parties in accordance with Federal Rule of Civil Procedure 41(a)(1). *Smith,* 340 Ark. at 462, 10 S.W.3d at 879. The plaintiff next refiled her cause of action in state court but subsequently took a voluntary nonsuit. *Id.* She then filed her cause of action a second time in state court, and the defendant moved to dismiss on the basis of the two-dismissal rule of Rule 41(a)(2). *Id.* at 462–63, 10 S.W.3d at 879.

The circuit court accepted the defendant's contention that the plaintiff's dismissal of her federal court action by stipulation coupled with her voluntary nonsuit of her first state court complaint triggered the two-dismissal rule, which rendered her voluntary dismissal of her first state court action an adjudication on the merits. *Smith,* 340 Ark. at 463, 10 S.W.3d at 879. The court, as a result, dismissed the plaintiff's complaint in her second state action with prejudice. *Id.* The plaintiff appealed, and this court was confronted with the question of whether a stipulation of dismissal executed by both the plaintiff and the defendant in a federal lawsuit, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), should be treated as a dismissal by the plaintiff for purposes of applying the "adjudication on the merits" provision

of the two-dismissal rule under Arkansas Rule of Civil Procedure 41(a)(2). *Id.*

This court agreed with the plaintiff in *Smith* and held that the joint stipulation by the parties in the federal court action demonstrated that the plaintiff did not unilaterally dismiss her action. *Id.* at 466, 10 S.W.3d at 881. We went further and explained that the purpose behind the two-dismissal rule is to prevent unreasonable use of the plaintiff's unilateral rights to dismiss an action prior to the filing of the defendant's responsive pleading, and we added that it is an exception to the general principle that a voluntary dismissal of an action does not bar a new suit based on the same claim. *Id.* at 464, 10 S.W.3d at 880 (citing *Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.,* 826 F.2d 637 (7th Cir. 1987); *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012 (2d Cir.1975)).

This court also noted in *Smith* that the two-dismissal rule was unique at the time it was first adopted, and the intention was to prevent delays and harassment by plaintiffs securing numerous dismissals without prejudice. *Id.* (citing 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure Civ.* § 2368 (2d ed.1995)). But we made the point that "where the purpose behind the two-dismissal exception would not appear to be served *by its literal application,* and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly." *Id.* (citing *Poloron,* 534

tiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day applica-

tion is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

F.2d 1012 (2d Cir.1975)) (emphasis added). Citing favorably to the United States Court of Appeals for the Second Circuit's opinion in *Poloron,* we noted

> [T]he danger of such abuse [by the plaintiff of his or her unilateral right to dismiss an action] diminishes, however, where the first dismissal is by stipulation. A dismissal by stipulation is not a unilateral act on the part of the plaintiff but rather is a mutual agreement by all the parties.... The filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties does not activate the two-dismissal bar against bringing an action based on or including the same claim.

*Id.* at 465, 10 S.W.3d at 880–81 (quoting *Poloron,* 534 F.2d at 1017–18).

We next observed in *Smith* that under those facts, the plaintiff could not have acted alone in effecting a dismissal by stipulation under federal court procedural rules. Thus, we said, "Because [the defendant] must have agreed to participate in the dismissal in order to achieve it, the dismissal by stipulation was not a dismissal taken only by [the plaintiff] and thus does not trigger the consequences of the two-dismissal rule." *Smith,* 340 Ark. at 466, 10 S.W.3d at 881. This court explained that "[w]here a defendant has acted in combination with the plaintiff in obtaining a joint dismissal by stipulation of a claim, and received benefit from that action, that defendant cannot assert that the plaintiff should be barred as a result of the stipulated dismissal from filing a later claim." *Id.* We held, as a result, that the dismissal by stipulation entered into by the parties in federal district court was not a dismissal by the plaintiff for purposes of Rule 41(a)(2), and that her second filing of her cause of action in state court was not barred by the two-dismissal rule. *Id.*

More recently, this court again discussed the policy and purpose behind the two-dismissal rule when we decided that a dismissal for lack of subject-matter jurisdiction by the state district court is not the type of voluntary dismissal by a plaintiff contemplated by Rule 41(a), nor the type of involuntary dismissal contemplated by Rule 41(b). *See Jonesboro Healthcare Ctr., LLC v. Eaton–Moery,* 2011 Ark. 501, at 12, 385 S.W.3d at 804. In *Jonesboro Healthcare,* the plaintiff filed its suit in the Craighead County District Court. *Id.* at 1, 385 S.W.3d at 798. Seven days later, the district court entered an order dismissing the case without prejudice due to a lack of subject-matter jurisdiction. *Id.* at 2, 385 S.W.3d at 798–99. On the same day that its complaint was dismissed in district court, the plaintiff filed the identical complaint in circuit court. *Id.* The defendant answered the complaint and then moved to dismiss the complaint with prejudice due to a fatally flawed summons that did not meet the requirements of Arkansas Rule of Civil Procedure 4(b). *Id.*

On appeal, this court observed that Rule 41(b) "was intended to allow the trial courts to clean up their dockets and get stale cases off the active docket." *Jonesboro Healthcare,* 2011 Ark. 501, at 9, 385 S.W.3d at 802 (quoting *Cory v. Mark Twain Life Ins. Corp.,* 286 Ark. 20, 22, 688 S.W.2d 934, 935 (1985)). Citing favorably to the *Smith* decision, this court observed that in *Jonesboro Healthcare* there had been no "unreasonable use of the plaintiff's unilateral rights to dismiss an action" because a dismissal for lack of subject-matter jurisdiction may be raised by either party or by the court itself and is, therefore, not within the plaintiff's unilateral rights to dismiss. *Id.* at 10, 385 S.W.3d at 802–03. This court also referenced the fact that there had not been any delays or harassments by the plaintiff in securing numerous dismissals without prejudice;

428

rather, there was only the one dismissal for lack of subject-matter jurisdiction that was the result of a mistake made by filing the complaint in the wrong jurisdiction. *Id.* This court held that

> dismissal for lack of subject-matter jurisdiction is not the type of voluntary dismissal contemplated by Rule 41(a), nor the type of involuntary dismissal that is contemplated by Rule 41(b). Rule 41 is silent with respect to dismissal for lack of subject-matter jurisdiction, and a literal application of the plain language of Rule 41(b) concerning previous dismissals "whether voluntary or involuntary" to include a reference to dismissals for want of subject-matter jurisdiction brings about a harsh result in this case not intended by the rule, as well as an absurd result that is contrary to well-established law.

*Id.* at 12, 385 S.W.3d at 804.

 Under our canons of construction, this court is to construe rules just as they read, giving the words their ordinary and usually accepted meaning in common language. As noted above, neither Rule 41(a) nor 41(b), unlike Federal Rule of Civil Procedure 41(a), contains any reference to a joint agreement to dismiss. Rule 41(a)(2) merely states that a voluntary dismissal "operates as an adjudication on the merits *when filed by a plaintiff* who has once dismissed in any court of the United States. . . ." Ark. R. Civ. P. 41(a)(2) (emphasis added). Rule 41(b) provides that a dismissal where there has been a failure of the plaintiff to comply with the rules is without prejudice "unless the action has been previously dismissed, *whether voluntarily or involuntarily,* in which event such dismissal operates as an adjudication on the merits." Ark. R. Civ. P. 41(b) (emphasis added). As evidenced by the record, the motion to dismiss in Texas was filed by Richard alone.

In the instant case, however, there is no real dispute that the Texas dismissal in federal court was requested by Richard at the urging of Union Pacific and with its agreement. Holloway, Texas counsel for Union Pacific, averred in his affidavit that he contacted Richard's Texas counsel, Elias, to determine if Elias would agree to dismiss the case in Texas and refile the case in Arkansas so that Union Pacific might be able to bring a third-party claim against an Arkansas company that was not subject to suit in Texas. In its brief on appeal, Union Pacific admits that it does not dispute that Richard dismissed his case in Texas at its request and with its agreement despite the fact that the record reflects that the notice of nonsuit in Texas was filed by Richard only and that the Texas court's order granted Richard's motion for nonsuit without prejudice.

It is true that there was no indication or reference in the motion, or order granting the motion, that the nonsuit was being requested by both parties. That, though, does not end the matter as this court will not cast a blind eye to the affidavit filed by Union Pacific's counsel in Texas and Union Pacific's own admissions in its appellate brief. Here, similar to what this court noted in our *Smith* opinion, there is no evidence that Richard was attempting to abuse the system by delaying and harassing Union Pacific through a series of dismissals without prejudice. *See Smith,* 340 Ark. at 464, 10 S.W.3d at 880. Additionally, because the dismissal was entered into based, at least in part, on Union Pacific's request and to accommodate the railroad company so that it could file a third-party complaint in Arkansas, the dismissal was not an unreasonable exercise of Richard's unilateral right to dismiss his case. *See id.* Rather, Richard's dismissal was done in no small part to benefit Union Pacific. It would be directly contrary to

the purpose of Rule 41 for the two-dismissal rule to be employed under these circumstances.

We agree that the *Smith* case is distinguishable from the instant case because it dealt with a first dismissal under Federal Rule 41(a), which permits a stipulation of dismissal signed by all of the parties.[4] We disagree with the argument of Union Pacific, however, that if this court were to rule that the first dismissal does not operate to trigger the two-dismissal rule, then this court would be allowing an exception to that rule based on plaintiff motivation to supersede the rule. This court would then be forced, according to Union Pacific, to engage in an in-depth factual analysis, which includes monitoring conversations between attorneys, in order to ascertain if every time there is a nonsuit, the parties mutually agreed that the plaintiff would dismiss his or her case.

We disagree with the scenario mounted by Union Pacific and decline to apply Rule 41(a) and (b) in a vacuum. It would not only be adverse to the purpose of the two-dismissal rule in Rule 41 to invoke it under these circumstances, but a literal construction of Rule 41 in this case without reference to the ameliorating facts surrounding the first dismissal would also be harsh and draconian. Though the facts and law in the *Smith* case are distinguishable, we made mention of the harshness of a strict interpretation of Rule 41 in that case. *See Smith*, 340 Ark. at 464, 10 S.W.3d at 880 (favorably citing *Poloron*, 534 F.2d 1012 (2d Cir.1975) (saying that "[W]here the purpose behind the two-dismissal exception would not appear to be served by its literal application, and where that applica-

tion's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly."). We made reference again to the same harshness in *Jonesboro Healthcare. See Jonesboro Healthcare*, 2011 Ark. 501, at 12, 385 S.W.3d at 804 (stating that "[A] literal application of the plain language of Rule 41(b) concerning previous dismissals 'whether voluntary or involuntary' to include a reference to dismissals for want of subject-matter jurisdiction brings about a harsh result in this case not intended by the rule, as well as an absurd result that is contrary to well-established law.").

We reverse the order of dismissal with prejudice by the circuit court, and we remand for further proceedings.

Reversed and remanded.

---

4. The joint stipulation of dismissal that is specifically allowed under Federal Rule of Civil Procedure 41(a), is different from the written-stipulation provision provided under Arkansas Rule of Civil Procedure 41(a), which allows parties to stipulate in writing that a second dismissal by the plaintiff, which would otherwise be with prejudice, is without prejudice.