

# SUPREME COURT OF ARKANSAS

No. CV–13–718

| | |
|---|---|
| TREVOR TAYLOR and RICK TAYLOR, INC.<br><br>APPELLANTS<br><br>V.<br><br><br>FRAN BIBA<br><br>APPELLEE | **Opinion Delivered** January 23, 2014<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CV-13-75]<br><br>HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE<br><br>REVERSED AND REMANDED. |

**KAREN R. BAKER, Associate Justice**

This court has jurisdiction pursuant to Ark. Sup. Ct. R. 1–2(b) (2013) as the appeal presents an issue in need of clarification of the law. The current appeal stems from litigation between Appellants Trevor Taylor, and his employer Rick Taylor, Inc., and Appellee Fran Biba in Pope County District Court. Biba sued Taylor after the parties had been involved in an automobile accident. On March, 4, 2013, the district court awarded Biba a judgment of $10,008.60, and assigned Biba ten-percent fault, reducing the judgment to $9,140.74.

On March 21, 2013, Taylor filed his appeal by filing a certified copy of the docket sheet with the Pope County Circuit Court. The parties agree that the certified docket sheet filed by Taylor was certified but did not include an entry for Biba's November 15, 2012 "Answer to Counterclaim." On April 4, 2013, Biba filed a motion to dismiss Taylor's appeal for lack of jurisdiction, asserting that Taylor had failed to strictly comply with Arkansas District Court Rule 9 (2013) because the certified docket sheet did not contain an entry for

SLIP OPINION

all the pleadings that had been filed with the district court clerk. On April 26, 2013, Taylor responded that he had not only strictly complied with Rule 9's jurisdictional requirements and had substantially complied with the Rule's procedural requirements. Stated differently, Taylor asserted that he had strictly complied with the requirement of filing the certified docket sheet, which vested jurisdiction in the circuit court and equated to filing his notice of appeal. Further, Taylor asserted that the contents of the docket sheet did not fall within the strict-compliance parameters but only had to substantially comply as the contents were procedural.

On April 29, 2013, Biba replied to Taylor's response and asserted that Rule 9 and this court's case law regarding the Rule are clear, the certified docket sheet must strictly comply with Rule 9, and she urged the circuit court to grant her motion to dismiss. On May 20, 2013, Taylor filed a sur-reply to Biba's reply and responded that Rule 9 required only substantial compliance with regard to the contents of the docket sheet from the district court.

On June 25, 2013, the circuit court conducted a hearing, and on June 26, 2013, granted Biba's motion to dismiss for lack of jurisdiction, finding that Rule 9(b) requires strict compliance, not substantial compliance, and Taylor's appeal had failed to comply with the Rule.

From that order, Taylor appeals and for his sole point on appeal argues that the circuit court erred when it granted Biba's motion to dismiss for lack of jurisdiction because Taylor satisfied Rule 9(b) when he filed his certified docket sheet.

When we construe the meaning of a court rule, our standard of review is de novo as it is for this court to determine what a rule means. *Richard v. Union Pac. R. Co.*, 2012 Ark.

SLIP OPINION

129, 388 S.W.3d 422. We construe court rules using the same means and canons of construction used to interpret statutes. *Id.* The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006). When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Richard*, 2012 Ark. 129, 388 S.W.3d 422. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

With these standards identified, we now turn to the issue presented, whether the circuit court erred in granting Biba's motion to dismiss based on the circuit court's lack of jurisdiction. In its June 26, 2013 order, the circuit court stated in pertinent part:

> District Court Rule 9(b)'s requirement of filing a certified docket sheet is what vests this Court with jurisdiction over the appeal.
>
> Rule 9(b)'s requirement to list all docket entries is jurisdictional not procedural in nature thereby requiring strict compliance, not substantial compliance.
>
> This Court is prohibited from maintaining jurisdiction to hear . . . [Taylor's] Appeal from the District Court Judgment as . . . [Taylor] failed to strictly comply with Rule 9(b) by lodging a certified copy of the docket sheet with [Biba's] Answer to Counterclaim being absent from the listing of filings.

The issue before the court requires us to construe Rule 9 of the Arkansas District Court Rules, "Appeal to circuit court." Subsection (b) is the specific subsection at issue and provides in pertinent part:

> (b) *How Taken From District Court*. A party may take an appeal from a district court by



filing a certified copy of the district court's docket sheet, which shows the awarding of judgment and all prior entries, with the clerk of the circuit court having jurisdiction over the matter.

Taylor asserts that Rule 9(b) and this court's case law, specifically, *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913, requiring strict compliance with Rule 9, applies only to the filing of the certified docket sheet, not the contents of the docket sheet. Taylor urges this court to reverse the circuit court and hold that the contents of the docket sheet is subject to only a substantial-compliance standard. Relying on *Rogers v. Tudor Insurance Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996), and *Circle D Contractors, Inc. v. Bartlett*, 2013 Ark. 131, Taylor contends that Rule 9 mirrors Rule 3 of the Arkansas Appellate Rules. As such, Taylor asserts that the filing of the certified docket sheet under Rule 9 is analogous to the filing of the notice of appeal as prescribed in Rule 3 of the Appellate Rules. Accordingly, Taylor asserts that the actual filing of the certified docket sheet requires strict compliance, but the contents of the docket sheet must only substantially comply. In other words, despite its contents, as long as the docket sheet was filed, Taylor claims he has strictly complied.

Biba responds that the Rule and our case law, including *Johnson*, require that both the filing of the certified docket sheet and the contents of the docket sheet be in strict compliance with Rule 9.

While we recognize Taylor's arguments, we need not analogize the Rule or parcel it into different compliance standards because we have previously interpreted the Rule and rejected the argument that Rule 9 requires only substantial compliance. *See Johnson*, 2010 Ark. 308, 365 S.W.3d 913.

SLIP OPINION

Applying our rules of interpretation, we interpret Rule 9(b) using plain and ordinary language. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). We give these words their ordinary and usually accepted meaning in common language. Here, the Rule places a duty upon the party that is appealing to do two things: obtain a certified copy of the docket sheet and file it in the circuit court. The record demonstrates that Taylor did file a certified copy of the docket sheet, which showed the judgment entered and all prior entries that had been made on the docket sheet. The filing of the certified docket sheet is the definitive act that must be strictly performed to place jurisdiction in the circuit court.

In sum, based on our discussion above, the filing of a certified copy of the district court's docket sheet strictly complies with Rule 9(b) to commence an appeal from the district court to circuit court. Thus, Taylor strictly complied. In accordance with our de novo standard of review, we hold that the circuit court erred in granting Biba's motion to dismiss for lack or jurisdiction and reverse and remand the case for proceedings consistent with this opinion.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *Roy Sanders*, for appellant.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett* and *James A. Streett*, for appellee.