

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–664

| | |
|---|---|
| DANNIE OGDEN and RUTH OGDEN APPELLANTS | Opinion Delivered February 4, 2015 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CV-13-1506] |
| | HONORABLE DOUG MARTIN, JUDGE |
| RANDALL HUGHES APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellants Dannie and Ruth Ogden challenge an order of the Washington County Circuit Court dismissing their complaint with prejudice. On appeal, the Ogdens contend that the second dismissal of their complaint should have been without prejudice because a literal application of Arkansas Rule of Civil Procedure 41(b) leads to a "harsh and absurd" result. We find no error and affirm.

### I. *Procedural History*

The Ogdens filed their first complaint against appellee Randall Hughes in 2012, alleging that Hughes owed them $97,734.58 pursuant to a promissory note. Hughes moved to dismiss the complaint against him on the basis that the Ogdens failed to make proper service of summons on him within 120 days of the filing of the complaint. The circuit court

agreed and granted Hughes's motion, dismissing the Ogdens' complaint without prejudice.[1] On July 30, 2013, the Ogdens refiled their complaint. On December 2, 2013, the Ogdens filed a motion to extend the time for service and for warning order. The circuit court entered an order the same day, granting the request.

Hughes subsequently moved to dismiss the Ogdens' second complaint, asserting that their motion for extension of time to obtain service had to have been filed within 120 days of the July 30, 2013 filing of the complaint, or by November 27, 2013. Because the motion for extension was untimely filed on December 2, 2013, Hughes argued that their motion failed to comply with Arkansas Rule of Civil Procedure 4(i) and that the complaint should therefore be dismissed. Moreover, because any dismissal would be a second dismissal under Rule 41, Hughes contended that the dismissal should be with prejudice.

The Ogdens responded that their complaint should not be dismissed with prejudice due to the "unique" nature of the case. The Ogdens raised three matters to support the case's "uniqueness." First, the Ogdens argued that Hughes had been "refusing and evading service," and for that reason, public policy dictated that the complaint should not be dismissed with prejudice "due to a small technical violation that has nothing to do with the merits." Second, they argued that their attorney's mother had been killed in a plane crash on November 1, 2013. While the motion for extension of time to obtain service had been

---

[1]After the Ogdens filed their first complaint, a summons was issued and a return of service was subsequently filed. The return of service, however, did not comply with Rule 4(g) because the person effecting service was a person other than a sheriff or his deputy, and that person failed to make an affidavit thereof. The circuit court therefore found that no valid service of summons had been made within 120 days of the filing of the complaint.

prepared on October 26, 2013, the "sudden and unexpected nature" of the death was a contributing factor in the failure to file the motion to extend time for service within the 120 days, which ended on November 27, 2013, the day before Thanksgiving. Third, the Ogdens noted that the extension motion had been filed on Monday, December 2, 2013, the next day that the courthouse was open after the holiday.

Following a hearing, the circuit court entered an order rejecting the Ogdens' arguments and dismissing their second complaint with prejudice. The court found that the first complaint had been dismissed for failure to comply with the Rules of Civil Procedure (i.e., failure to effectuate proper service). The court further determined that the second complaint was being dismissed due to the failure of service. Accordingly, the court concluded that Rule 41(b) required that the second dismissal be with prejudice. The Ogdens filed a timely notice of appeal.

## II. *Analysis*

As noted above, the issue on appeal is whether the circuit court erred in dismissing the Ogdens' complaint with prejudice pursuant to Rule 41(b). The Ogdens argue that a "literal" application of Rule 41(b) leads to "a harsh and absurd result that does not serve the intended purpose of the rule."

Our standard of review is twofold. In general, a Rule 41 dismissal is reviewed under an abuse-of-discretion standard. *See Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs.*, 2011 Ark. 501, 385 S.W.3d 797. When this court must construe the meaning of a

SLIP OPINION



court rule, however, our review is de novo. *Richard v. Union Pac. R.R. Co.*, 2012 Ark. 129, 388 S.W.3d 422.

Rule 41 sets forth what is commonly referred to as the "two-dismissal rule." This rule essentially mandates that a second dismissal of a lawsuit operates as an adjudication on the merits and must be with prejudice if the previous dismissal was a result of the plaintiff's failure to comply with the rules. The purpose behind the two-dismissal rule is "to prevent unreasonable use of the plaintiff's unilateral rights to dismiss an action prior to the filing of the defendant's responsive pleading" and "to prevent delays and harassment by plaintiffs securing numerous dismissals without prejudice." *Richard*, 2012 Ark. 129, at 7–8, 388 S.W.3d at 426.

Rule 41 provides, in pertinent part, as follows:

(b) *Involuntary Dismissal.* In any case in which there has been *a failure of the plaintiff to comply with these rules* or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff *unless the action has been previously dismissed*, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

(Emphasis added.)

In this case, the Ogdens' first dismissal—which was without prejudice—was occasioned by their failure to comply with Rule 4; that is, they failed to effectuate proper service on Hughes within 120 days, as required by Rule 4(i). Thus, this first dismissal, though without prejudice, was a dismissal for "failure of the plaintiff to comply with these rules"

4

pursuant to Rule 41(b). *See Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996); *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). The second dismissal was also brought about by the Ogdens' failure to timely obtain an extension of time to serve their complaint. Under Rule 4(i), service of summons must be made upon a defendant within 120 days after the filing of the complaint. To obtain an extension of the 120-day period in Rule 4(i), a plaintiff must file the motion for extension prior to the expiration of that 120-day period. *Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004); *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000). If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). The Ogdens' failure to either obtain service or file a motion to extend within 120 days resulted in the mandatory dismissal of the second complaint. *See* Ark. R. Civ. P. 41(b). Because the action had previously been dismissed, the plain language of the rule dictates that the second dismissal operated as an adjudication on the merits. *Bakker*, 326 Ark. at 579, 932 S.W.2d at 327.

The Ogdens nonetheless argue that the supreme court has chosen not to give the rule a literal interpretation and application in situations where the policy behind the rule is not served. They contend that the supreme court has held that, where the purpose behind the two-dismissal rule would not be served by its literal application, "a court should be most careful not to construe or apply the [rule] too broadly." *Jonesboro Healthcare*, 2011 Ark. 501, at 10, 385 S.W.3d at 803. The Ogdens note the circumstances behind their failure to timely file the motion for extension of time, explaining that counsel had prepared the motion on

October 26, 2013, but did not file it until after the 120-day period had expired because his mother had been unexpectedly killed in a plane crash. Therefore, they urge, this court should not "blindly and literally apply" Rule 41(b) "in the interests of justice."

In making their arguments, the Ogdens rely on three cases in which the supreme court did not hew to the literal language of the rule: *Richard v. Union Pac. R.R. Co.*, *supra*; *Jonesboro Healthcare*, *supra*; and *Davis v. Office of Child Support Enforcement*, 322 Ark. 352, 908 S.W.2d 649 (1995). Each of these cases is distinguishable, however, as will be discussed.

In *Richard* and *Jonesboro Healthcare*, the focus was on the nature of the first dismissal. In *Richard*, the plaintiff's first dismissal was taken at the request, and for the benefit, of the defendant.[2] Because the first dismissal was obtained at the defendant's request and not by unilateral action of the plaintiff, the supreme court held that it was not "an unreasonable exercise of [the plaintiff's] unilateral right to dismiss his case" and that the purpose of the rule would not be satisfied by dismissing the second case with prejudice. *Richard*, 2012 Ark. 129, at 12, 388 S.W.3d at 429. In *Jonesboro Healthcare*, the first dismissal was from district court for lack of subject-matter jurisdiction. Because the district court lacked subject-matter jurisdiction, the plaintiff had "no choice and certainly no unilateral right to allow the case to proceed in district court." *Jonesboro Healthcare*, 2011 Ark. 501, at 8, 385 S.W.3d at 801–02. The supreme court concluded that the first dismissal from district court for lack of jurisdiction was not a voluntary nonsuit or voluntary dismissal under Rule 41(a) and thus did

---

[2]There, the lawsuit had originally been filed in federal court in Texas; however, the defendant subsequently discovered that it had potential third-party claims against an Arkansas company over whom the Texas court would not have personal jurisdiction.

SLIP OPINION

not trigger the two-dismissal rule. Unlike *Richard* and *Jonesboro Healthcare*, the first dismissal here was for failure to comply with Rule 4, a matter within the Ogdens' control.

Likewise, *Davis*, *supra*, is also distinguishable. *Davis* involved an action for child support and paternity. The Office of Child Support Enforcement's (OCSE) first proceeding against Davis was dismissed without prejudice on OCSE's own motion; the second proceeding resulted in a settlement between the parties and a dismissal with prejudice. When OCSE later brought a third suit against Davis, Davis sought dismissal. The circuit court, however, denied the motion because the second order had been entered without consideration of whether the settlement was in the child's best interest and was thus void as against public policy. The supreme court affirmed, holding that the second dismissal was void on its face and therefore could not operate as a bar to subsequent proceedings under Rule 41. *Davis*, 322 Ark. at 356, 908 S.W.2d at 652. The Ogdens cite *Davis* as support that, in some instances, public policy demands consideration of the individual facts of a given case, rather than a strict application of the two-dismissal rule. We find this unpersuasive given the fact that both of the Ogdens' dismissals resulted from a failure to comply with the service requirements of Rule 4.

Affirmed.

VAUGHT and HOOFMAN, JJ., agree.

*Buckley, McLemore & Hudson, P.A.*, by: *John R. Hudson*, for appellants.

*Reece Moore Pendergraft, LLP*, by: *Larry McCredy*, for appellee.