Cite as 2020 Ark. 326

# SUPREME COURT OF ARKANSAS

No. CV-20-499

|  |  |
|---|---|
|  | **Opinion Delivered:** October 15, 2020 |
| DAVID TOLLETT, A RESIDENT, QUALIFIED ELECTOR AND THE REPUBLICAN PARTY NOMINEE FOR ARKANSAS HOUSE DISTRICT 12 <br> APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-4024] |
| V. | HONORABLE ALICE GRAY, JUDGE |
| JIMMIE L. WILSON; PHILLIPS COUNTY BOARD OF ELECTION COMMISSIONERS; LINCOLN COUNTY BOARD OF ELECTION COMMISSIONERS; DESHA COUNTY BOARD OF ELECTION COMMISSIONERS; ARKANSAS COUNTY BOARD OF ELECTION COMMISSIONERS; MICHAEL JOHN GRAY, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE DEMOCRAT PARTY OF ARKANSAS; NICOLE HART, IN HER OFFICIAL CAPACITY AS CHAIR OF THE DEMOCRAT PARTY OF ARKANSAS' NOMINATING CONVENTION FOR HOUSE DISTRICT 12; LORETTA JARRETT, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEMOCRAT PARTY OF ARKANSAS' NOMINATING CONVENTION FOR HOUSE DISTRICT 12; JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF ARKANSAS <br> APPELLEES | <u>AFFIRMED AS MODIFIED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant David Tollett appeals the dismissal of his complaint in intervention against Jimmie L. Wilson and others. For reversal, Tollett argues that the circuit court erred by dismissing his complaint with prejudice when it concluded that he failed to serve Wilson with his motion to intervene or his complaint in intervention. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(4) (2019) because this appeal pertains to elections and election procedures. We affirm the circuit court's dismissal but modify it as a dismissal without prejudice.

Plaintiff Lisa Elizabeth Ramey filed an amended complaint for the issuance of a writ of mandamus, declaratory judgment, and injunctive relief on July 23, 2020, alleging that Wilson filed to be the Democrat Party's candidate for state representative for Arkansas House District 12 but is ineligible to serve as a member of the General Assembly. Ramey named as defendants Wilson; Phillips County, Arkansas, Board of Election Commissioners; Lincoln County, Arkansas, Board of Election Commissioners; Desha County, Arkansas, Board of Election Commissioners; Arkansas County, Arkansas, Board of Election Commissioners; Michael John Gray, in his official capacity as the Chairman of the Democrat Party of Arkansas; Nicole Hart, in her official capacity as the Chair of the Democrat Party of Arkansas' Nominating Convention for Arkansas House District 12; Loretta Jarrett, in her official capacity as Secretary of the Democrat Party of Arkansas' Nominating Convention for Arkansas House District 12; and John Thurston, in his official capacity as Secretary of State for the State of Arkansas. Ramey claimed in her amended complaint that Wilson has been

2

adjudicated guilty of converting property mortgaged or pledged to a farm credit agency and converting public money to public use in violation of 18 U.S.C. §§ 641 and 658. Ramey alleged that Wilson was also convicted under Arkansas Code Annotated § 5-37-302. She claimed that the convictions rendered Wilson ineligible to run for, or hold office as a member of, the Arkansas General Assembly. Ramey sought an order declaring Wilson ineligible for office and directing codefendants not to place his name on the ballot or to count any votes cast for him. Ramey served Wilson individually with her amended complaint on July 24, 2020.

On July 27, 2020, Doyle Webb, on behalf of the Republican Party of Arkansas, and Tollett filed a motion to intervene in the case, along with a proposed complaint in intervention. The proposed complaint sought a declaration that Wilson is unqualified to serve as a state representative, and an injunction enjoining the defendants from taking any action to certify Wilson as a candidate or to place his name on the ballot. The certificate of service on the motion to intervene states:

> I, George P. Ritter, do hereby certify that on July 26, 2020, I electronically filed the foregoing MOTION TO INTERVENE IN THIS ACTION BY DOYLE WEBB CHAIRMAN OF THE REPUBLICAN PARTY OF ARKANSAS AND DAVID TOLLETT REPUBLICAN NOMINEE FOR HOUSE DISTRICT 12 with the Clerk of the Court using the CM/ECF System which will automatically send notice to David A. Couch attorney of record for Plaintiffs in this action.

The proposed complaint in intervention also contained a similar certificate of service indicating that David Couch as attorney of record for the plaintiffs had been served. As relevant to this appeal, Hart and Gray filed an amended answer to the amended complaint

3

on July 29, 2020. On July 30, 2020, the circuit court granted the motion to intervene as to Tollett but denied it as to Webb, and the proposed complaint in intervention was filed on that date at 11:22 a.m. At 7:10 p.m. that evening, Wilson filed a motion to dismiss or, alternatively, a substantive reply to Ramey's amended complaint. In that pleading, Wilson stated that he adopted the answer and brief filed by Gray and Hart if the circuit court chose not to dismiss Ramey's amended complaint. The case proceeded to trial on July 31, 2020.

Wilson appeared at the trial and was questioned by Ramey's attorney. Wilson also answered a question from counsel for Tollett and then stated that he had not seen the complaint in intervention. Tollett's attorney admitted that he did not serve Wilson with a copy of his motion to intervene. According to Tollett's attorney, Wilson was not served electronically because he had not entered an appearance at the time the motion to intervene was filed, and he conceded that he had made no other efforts to serve Wilson. On August 2, 2020, after the trial but before the circuit court entered an order deciding the case, Tollett filed a motion to augment the record and reconsider in which he argued that although Wilson had not been served with the motion or complaint, he was aware of the intervention. Tollett also argued that the record established that Wilson was ineligible to serve in the Arkansas General Assembly. Tollett's motion to augment and reconsider contained a certificate of service again indicating that the motion had been served only on David Couch. On August 5, 2020, the circuit court entered an order dismissing Ramey's amended complaint for a lack of standing. The court alternatively concluded that Ramey had not established that Wilson had been convicted of a crime that would disqualify him from service

4

in the General Assembly. By separate order that same date, the court also dismissed Tollett's complaint due to his failure to serve Wilson with either his motion to intervene or his proposed complaint in intervention. Although the circuit court recognized that such a dismissal would normally be without prejudice, it concluded that an election matter is a special proceeding and must be dismissed with prejudice pursuant to Arkansas Rule of Civil Procedure 78(d). The circuit court refused to consider Tollett's motion to augment and reconsider and stated that the motion raised an argument that Tollett could have presented at trial but did not. The circuit court also noted that even after the service issue was raised at trial, the record still reflected service only on David A. Couch, who was not an attorney of record in the case. Tollett filed a notice of appeal on August 6, 2020, and an amended notice of appeal on August 7.

On appeal, Tollett argues that the circuit court erred by dismissing his complaint for lack of service. According to Tollett, Wilson had notice of the intervention, was obligated to keep himself informed about any intervention, consented to electronic service, and waived service by appearing, litigating the case on the merits, and seeking affirmative relief. Tollett also contends that even if the complaint had been properly dismissed due to a lack of service, such a dismissal must be without prejudice. Finally, Tollett insists that Wilson is ineligible to serve as a member of the General Assembly because of his prior conviction.

The standard of review in a bench trial is whether the circuit court's findings are clearly erroneous. *Barrett v. Thurston*, 2020 Ark. 36, 593 S.W.3d 1. A finding is clearly erroneous when, although there is evidence to support it, a reviewing court is left with a firm

5

conviction that a mistake has been made. *Id.* However, when this court must construe the meaning of a court rule, our review is de novo. *Richard v. Union Pac. R.R. Co.*, 2012 Ark. 129, 388 S.W.3d 422. We construe court rules using the same means and canons of construction used to interpret statutes. *Id.* The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Taylor v. Biba*, 2014 Ark. 22. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.*

We first consider Tollett's argument that the circuit court erred when it dismissed his complaint due to a lack of service. Arkansas Rule of Civil Procedure 24 provides that a person who wishes to intervene in a case "shall serve a motion to intervene upon the parties as provided in Rule 5." Rule 5(a) provides that

> [e]xcept as otherwise provided in these rules, every pleading and every other paper, including all written communications with the court, filed subsequent to the complaint, except one which may be heard ex parte, shall be served upon each of the parties, unless the court orders otherwise because of numerous parties.

Rules 5 and 24 both require that a motion to intervene and other papers "shall" be served on the other parties. The word "shall" means mandatory compliance unless it would lead to an absurd result. *Vaughn v. Mercy Clinic Ft. Smith Communities*, 2019 Ark. 329, 587 S.W.3d 216. None of the exceptions described in Rule 5(a) are present here. The circuit court did not enter an order relieving Tollett of his service obligations, this is not an ex parte matter, and Tollett conceded at the trial that he did not serve Wilson with either his motion

to intervene or his proposed complaint in intervention. Thus, it is clear that Tollett did not comply with the mandatory provisions of Rules 5 and 24.

Despite the lack of service, Tollett argues that dismissal is improper because Wilson had notice of the intervention because he consented to electronic service pursuant to Arkansas Supreme Court Administrative Order No. 21, and that he was obligated to keep himself informed about any intervention. Tollett also emphasizes that the court notified Wilson that a motion for intervention had been granted, and that Wilson served him with his response to Ramey's amended complaint. These arguments are not persuasive. First, Tollett's argument that Wilson consented to electronic service is of no moment. Administrative Order No. 21 provides that registered users of the court's electronic filing system "consent to the electronic service of electronic documents," but Tollett's attorney stated at trial that Wilson was not served electronically because he had not yet entered an appearance in the case when the motion to intervene was filed. Tollett also conceded that he did not serve Wilson by other electronic means. Therefore, Wilson was never served electronically after Tollett filed his motion to intervene. Additionally, Wilson did not appear in the case until the night before the trial. Tollett was still responsible for serving Wilson under our rules even if Wilson had the ability to research events which occurred in the case before his appearance. Likewise, the facts that the court notified Wilson that a motion for intervention had been granted and that Wilson served his response to Ramey's amended complaint on Tollett do not excuse Tollett's failure to comply with our rules.

7

Tollett further argues that Wilson waived service by appearing and litigating against the intervenors and by seeking affirmative relief. These arguments are also unconvincing. In some cases, defects in service of process may be waived if a party appears without an objection. *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). That was not the case here. When Wilson filed his answer, it was in response only to Ramey's amended complaint, which had been served on him individually. Wilson did not file a response to Tollett's complaint before the trial, and his response to Ramey's complaint does not operate as a waiver of service with respect to Tollett's complaint. As Tollett's counsel recognized at trial, Wilson's appearance and defense at trial, as well as his request for affirmative relief, was in response to Ramey's amended complaint, not Tollett's complaint in intervention. Thus, Wilson's appearance, defense, and request for affirmative relief was in response to Ramey's complaint, rather than Tollett's.

In short, Tollett simply did not serve his motion to intervene or his proposed complaint on Wilson. Tollett was not relived of his service obligations simply because Wilson may have been able to obtain Tollett's complaint through his own efforts. Additionally, Wilson's appearance and defense to Ramey's complaint did not establish a waiver of service with respect to Tollett's complaint. Therefore, the circuit court did not clearly err in dismissing Tollett's complaint in intervention because of his failure to comply with our rules of civil procedure.

Next, we must consider Tollett's argument that, even if dismissal was warranted, the circuit court erred by dismissing his complaint with prejudice. He argues that the with-

prejudice dismissal of his complaint violated our rules of civil procedure and his constitutional right to procedural due process.

The circuit court concluded that this was a "special proceeding" conducted pursuant to Rule 78(d) and that the nature of the proceeding required Tollett's complaint to be dismissed with prejudice. Arkansas Rule of Civil Procedure 81 provides that the rules of civil procedure "apply to all civil proceedings cognizable in the circuit courts of this state except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." Rule 78(d) provides that

> [u]pon the filing of petitions for writs of mandamus or prohibition in election matters, it shall be the mandatory duty of the circuit court having jurisdiction to fix and announce a day of court to be held no sooner than 2 and no longer than 7 days thereafter to hear and determine the cause.

The court concluded that because Ramey's petition required a trial within seven days of its filing, the dismissal of Tollett's complaint must be with prejudice. However, Rule 41(b) of the Arkansas Rules of Civil Procedure provides that the first involuntary dismissal of a complaint because of a failure to comply with the rules is to be a dismissal without prejudice. Nothing in Rule 78 purports to supersede the provisions of Rule 41. Therefore, the plain language in Rule 41 applies in this instance, and the dismissal should have been without prejudice. Because we conclude that the circuit court's decision should be modified to a dismissal without prejudice pursuant to our rules of civil procedure, we need not consider Tollett's alternative constitutional argument. It is our duty to refrain from addressing

9

constitutional issues if or when the case can be disposed of without determining constitutional questions. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858.

Finally, the circuit court did not address the merits of Tollett's complaint in intervention. Because the circuit court properly dismissed Tollett's complaint for a lack of service, we will not consider Wilson's eligibility to serve as a member of the General Assembly.

Affirmed as modified.

Mandate to issue immediately.

*George P. Ritter*, Deputy General Counsel for the Republican Party of Arkansas; and *Gregory L. Vardaman*, for appellant.

*Fuqua Campbell, P.A.*, by: *Annie Depper*, for appellees.