Cite as 2021 Ark. 133
# SUPREME COURT OF ARKANSAS
No. CV-20-682

| | |
|---|---|
| | **Opinion Delivered:** June 10, 2021 |
| STATE OF ARKANSAS *EX REL.* LESLIE RUTLEDGE, ATTORNEY GENERAL<br><br>APPELLANT<br><br>V.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICA, INC., N/K/A JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEILL-JANSSEN PHARMACEUTICALS, INC., N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS, INC.; ENDO PHARMACEUTICALS, INC.; AND DOES 1 THROUGH 100, INCLUSIVE<br><br>APPELLEES | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60CV-18-2018]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>DISMISSED. |

**SHAWN A. WOMACK, Associate Justice**

The State of Arkansas brings this interlocutory appeal challenging a sanctions order entered by the Pulaski County Circuit Court pursuant to Rule 37 of the Arkansas Rules of Civil Procedure. For reversal, the State argues the circuit court's order sanctioning the State for failing to comply with its discovery rulings violates both the Arkansas Constitution and

the Arkansas Rules of Civil Procedure. Because we lack appellate jurisdiction over this appeal, we dismiss.

## I. *Facts and Procedural Background*

On March 29, 2018, Leslie Rutledge, acting in her capacity as Arkansas Attorney General, brought this action in the name of the State of Arkansas against defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc., n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc., n/k/a Janssen Pharmaceuticals, Inc. (together, "Janssen"); and Endo Health Solutions Inc. and Endo Pharmaceuticals, Inc. (together, "Endo") (collectively, "defendants"), in connection with defendants' role in the ongoing opioid epidemic.[1] The State alleged that several state entities, including the Department of Health, Department of Human Services, Department of Corrections, Division of State Police, and the state court system, incurred enormous costs combatting the opioid crisis and that such costs were "massive, direct, [and] quantifiable." The State further alleged that abating the opioid crisis would require an expanded outlay of the State's resources.

The State asserted five causes of actions against defendants: (1) violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 et seq. (Repl. 2011 & Supp. 2019); (2) violations of the Arkansas Medicaid Fraud False Claims Act, Ark. Code Ann. §§ 20-77-901 et seq. (Repl. 2016 & Supp. 2019); (3) creation of a public nuisance; (4) unjust enrichment of defendants at the State's expense; and (5) civil conspiracy. The

---

[1] The State also brought claims against Purdue Pharma L.P.; Purdue Pharma, Inc.; and the Purdue Frederick Company, Inc. (together, "Purdue"); however, the circuit court severed these claims after Purdue entered bankruptcy proceedings.

State sought injunctive relief, statutory and common law damages, statutory penalties, pre- and postjudgment interest and fees, punitive and treble damages, abatement, and restitution. Defendants moved to dismiss the State's complaint, which the circuit court denied on April 5, 2019.

Discovery began in May and June 2019, with defendants each filing requests for production of documents and first sets of interrogatories. Endo requested information on "each cost, expenditure, damage, reimbursement, loss, or harm" for which the State sought relief and "the Agency or entity that paid that cost." Janssen made similar requests. The Attorney General opposed defendants' discovery requests to the extent they sought materials "not in the possession, custody, or control of the Arkansas Attorney General's office," such as documents or information within "state agencies." The Attorney General averred the appropriate avenue for pursuing discovery from other state agencies was by subpoena under Arkansas Rule of Civil Procedure 45.

In a joint filing on August 21, 2019, defendants moved to compel the State to produce documents and information in the possession of the State and its agencies. Defendants asserted the requested materials were central to the case and their ability to defend against the State's allegations. The Attorney General responded in opposition to defendants' motion to compel, arguing that this action was brought on behalf of the State of Arkansas, not individual state agencies, and that no state agency was named as a party in its complaint. In addition, the Attorney General asserted her office lacks the authority to compel discovery from agencies that report to the Arkansas Governor.

On October 1, 2019, the circuit court granted defendants' motion to compel in part. The court found that the Attorney General "specifically alleged causation of 'quantifiable' damages to several specific State Agencies and Departments" and that "such damages comprising a factual basis for the allegations, were known, or were available and ascertainable, by the Attorney General, at the time of filing." The court rejected the Attorney General's assertion that her office "has no direct obligation to provide discovery responses relative to those agencies and Departments specifically referred to in the Complaint." Accordingly, the court ordered the Attorney General to provide discovery responses from the five agencies referenced in the State's complaint:

> As to those Agencies and Departments of State Government referred to in the Complaint, the Motion to Compel is GRANTED and the State of Arkansas, by its Attorney General, is ORDERED and DIRECTED to provide complete and specific non-privileged Responses to the Discovery propounded WITHIN 45 DAYS of the entry of this Order. FAILURE TO PROVIDE FULL DISCLOSURE MAY RESULT IN SANCTIONS under Rule 37 ARCP, including the striking of pleadings or evidence.

Following the circuit court's discovery order, the State filed a notice of its intention to seek damages on behalf of five state agencies: (1) Department of Health, (2) Department of Human Services, (3) Department of Corrections, (4) Division of State Police, and (5) Administrative Office of the Courts. The State further clarified that it sought damages pursuant to its claim under the Medicaid Fraud False Claims Act, Ark. Code Ann. §§ 20-77-901 et seq., and its claim for public nuisance.

On February 3, 2020, defendants filed a joint motion requesting that the circuit court enforce its October 2019 order compelling discovery and employ all appropriate remedies available under Rule 37(b)(2) of the Arkansas Rules of Civil Procedure. Defendants alleged

4

the State's supplemental responses served on November 15 and December 30 failed to satisfy its discovery obligations to provide "complete and specific" responses, including information and documents from the five agencies named in the State's complaint. The Attorney General opposed defendants' motion, claiming her office had complied with the circuit court's order by serving subpoenas commanding the five state agencies to cooperate in providing responsive discovery and that any such deficiency in an agency's responses was out of the Attorney General's control.

Janssen subsequently served the Attorney General on June 12, 2020, with four sets of requests for production of documents from sixteen state agencies and entities. The Attorney General moved for a protective order, again maintaining that this action was brought on behalf of the State, no state agency is a party, and her office does not have possession, custody, or control of other agencies' documents. Janssen argued that because the plaintiff is the State of Arkansas, the State necessarily controls the documents of its own agencies, and it is irrelevant what materials the State's counsel—the Attorney General—alone possesses.

On August 12, 2020, following a status hearing, the circuit court entered a written order ruling on the State's motion for protective order and defendants' motion to enforce, respectively. The court granted the State's request for a protective order "except as to the five (5) state agencies which were the subject of the Court's October 2019 Order." Because the court had "previously found that, for the purpose of discovery, the Plaintiff, Attorney General Rutledge, represents five state agencies to which she initially referred to in her complaint," the court ordered the Attorney General to "facilitate conferences" between

5

those agencies and defendants "in order to determine what computer protocols are best suited to enable the remaining discovery" from those agencies.

Pursuant to the court's August 12 order, the Attorney General arranged conferences between defendants and the four executive agencies.[2] The Attorney General arranged a conference with the fifth agency, the Administrative Office of the Courts, which declined to confer with defendants.[3]

On September 3, 2020, the circuit court held another status hearing. Defendants argued the court-ordered conferences did not result in the production of discovery materials sought and requested that the court enforce its discovery orders. The Attorney General maintained that her office had complied with the court's orders. In an order entered on September 15, the circuit court found that the Attorney General had neither "provided 'complete and specific' discovery responses" nor "represented that such responses are forthcoming." As such, the court ordered the Attorney General to file an amended complaint that struck "any claim for any form of relief for any alleged harm associated with the five State agencies addressed in the Court's October 1, 2019 order" within ten days or face dismissal. The court added that the Attorney General's Office was still obligated to produce discovery from the five state agencies.

---

[2]The Department of Health, Department of Human Services, and Department of Corrections are executive agencies whose heads report to the Governor. Ark. Code Ann. § 25-43-104(a)–(b) (Supp. 2019). The Division of Arkansas State Police is an executive agency whose director reports to the Secretary of the Department of Public Safety. *See* Ark. Code Ann. § 12-8-104(a) (Supp. 2019).

[3]The Administrative Office of the Courts is an agency of the judicial branch. Ark. Code Ann. § 16-10-102(a)(1) (Supp. 2019) (establishing the office "for the administration of the nonjudicial business of the judicial branch").

On September 18, 2020, the Attorney General filed a notice of appeal under Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure–Civil, designating the circuit court's October 1, 2019 and August 12, 2020 discovery orders and the September 15, 2020 sanctions order. The Attorney General also moved to stay the September 15 order pending appeal. On September 23, the circuit court granted this limited stay. Defendants thereafter moved for and were granted a stay of all proceedings on September 29.

## II. *Jurisdiction*

As a threshold matter, this court must address defendants' jurisdictional argument and determine whether it has jurisdiction over the State's appeal. *See Ford Motor Co. v. Harper*, 353 Ark. 328, 330, 107 S.W.3d 168, 169 (2003). Defendants argue that the October 2019 and August 2020 discovery orders and the September 2020 sanctions order are nonfinal and therefore not subject to an immediate appeal. We have explained that Rule 2 of the Arkansas Rules of Appellate Procedure–Civil requires that a judgment or decree be final for it to be appealable, with limited exceptions, and the purpose of this rule is to avoid piecemeal litigation. *Denney v. Denney*, 2015 Ark. 257, at 4, 464 S.W.3d 920, 922. When no final or otherwise appealable order is entered, this court lacks jurisdiction to hear the appeal. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, at 9, 386 S.W.3d 400, 405.

The Attorney General invoked this court's jurisdiction under Rule 2(a)(4), which permits an interlocutory appeal from "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action." Ark. R. App. P.–Civ. 2(a)(4). Thus, while the Attorney General's notice of appeal designates all three orders, it appears the Attorney General asserts jurisdiction pursuant to the September 2020 sanctions order striking

reference to the five state agencies discussed above. Our review will accordingly be limited to defendants' arguments regarding the finality of the sanctions order.

Defendants' primary contention is that the September 2020 sanctions order does not fall within Rule 2(a)(4)'s exception to the final-judgment rule. Specifically, defendants contend Rule 2(a)(4) applies only to orders that strike an *entire* complaint rather than just a part. Because the circuit court's order directing the Attorney General to file an amended complaint did not strike the entire complaint, defendants argue the order is not appealable under Rule 2. We agree.

The construction of a court rule is a question of law, which we review de novo. *White v. Owen*, 2021 Ark. 31, at 5, 617 S.W.3d 241, 244. When construing a court rule, we use the same means and canons of construction used to interpret statutes. *Tollett v. Wilson*, 2020 Ark. 326, at 6, 608 S.W.3d 602, 606. The principal rule of statutory construction is to construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Advance Fiberglass, LLC v. Rovnaghi*, 2011 Ark. 516, at 4.

Relying on *Findley v. Time Insurance Co.*, 264 Ark. 647, 573 S.W.2d 908 (1978), the Attorney General argues Rule 2(a)(4) permits an appeal from an order striking a portion of a complaint. In that case, plaintiff filed a complaint against defendant insurer for contractual recovery of medical expenses, plus the statutory penalty and attorney's fees. Plaintiff also asserted a cause of action in tort, which the circuit court dismissed. This court found the order striking plaintiff's tort claim was appealable under Rule 2(a)(4)'s predecessor, Ark.

8

Stat. Ann. § 27-2101. *Id.* at 649, 573 S.W.2d at 908. *Findley*, however, is distinguishable, as the circuit court's order in the present case did not strike a cause of action from the State's complaint. Instead, the court ordered the Attorney General to file an amended complaint omitting any claim to the extent relief was sought for harms borne by the five state agencies referenced in the October 2019 discovery order.

An order may be appealed under Rule 2(a)(4) if it "strikes out [1] an answer, or [2] any part of an answer, or [3] any pleading in an action." Thus, the rule's plain language provides for an appeal of an order striking an answer in its entirety or "any part" therefrom while noticeably omitting "any part" for orders striking a pleading. The maxim *expressio unius est exclusio alterius* is a fundamental principle of statutory construction, meaning that the express designation of one thing may properly be construed to mean the exclusion of another. *Buonauito v. Gibson*, 2020 Ark. 352, at 8, 609 S.W.3d 381, 386; *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 107 (2012) (describing the maxim as an interpretative canon known as "negative implication"). The drafters of Rule 2 crafted an exception to the final-judgment rule by specifically inserting language that an order striking "any part" of an answer is appealable. The absence of similar language regarding pleadings leads us to conclude the drafters did not intend for orders striking a portion of a pleading to be immediately appealable.

Because the September 2020 order did not strike the State's complaint in its entirety, it is not a final or otherwise appealable order under Rule 2(a)(4). Accordingly, we lack jurisdiction to consider the State's interlocutory appeal and dismiss. *Ford*, 353 Ark. at 331, 107 S.W.3d at 170.

9

Appeal dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Charles J. Harder*, Deputy Att'y Gen.; *Dover Dixon Horne, PLLC*, by: *Gary B. Rogers* and *Michael G. Smith*; and *Baron & Budd, PC*, by: *Jennifer Fountain Connolly* and *Michael von Klemperer*, *pro hac vice*, for appellant.

*Arnold & Porter Kaye Scholer LLLP*, by: *Anthony J. Franze*, *pro hac vice*; and *Kutak Rock LLP*, by: *Jess Askew III* and *Andrew King*, for separate appellees Endo Pharmaceuticals, Inc., and Endo Health Solutions, Inc.; and *O'Melveny & Myers LLP*, by: *Amy J. Laurendeau*, *pro hac vice*; and *Friday Eldredge & Clark LLP*, by: *James M. Simpson* and *Martin A. Kasten*, for separate appellees Janssen Pharmaceuticals, Inc.; Janssen Pharmacuetica, Inc., n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc., n/k/a Janssen Pharmaceuticals, Inc.; and Johnson & Johnson.