Cite as 2023 Ark. App. 194

# ARKANSAS COURT OF APPEALS
## DIVISION I
#### No. CV-20-356

| | |
|---|---|
| S & J CONSTRUCTION CO., INC.<br>**APPELLANT** | Opinion Delivered April 5, 2023 |
| | APPEAL FROM THE NEWTON<br>COUNTY CIRCUIT COURT<br>[NO. 51CV-15-52] |
| V. | |
| ENGINEERING SERVICES, INC.; AND<br>OZARK MOUNTAIN REGIONAL<br>PUBLIC WATER AUTHORITY OF THE<br>STATE OF ARKANSAS | HONORABLE GORDON WEBB,<br>JUDGE |
| **APPELLEES** | REVERSED AND REMANDED |

### WENDY SCHOLTENS WOOD, Judge

Appellant, S & J Construction Company, Inc. ("S & J"), appeals an interlocutory order in which the Newton County Circuit Court denied S & J's motion to amend a summary-judgment order that inadvertently dismissed S & J's claims against appellee Engineering Services, Inc. ("ESI"). The circuit court denied S & J's motion, stating it did not have authority to amend the order. We reverse and remand.

On December 16, 2010, Ozark Mountain Regional Public Water Authority of the State of Arkansas ("Ozark") entered into multiple contracts with S & J for the construction of water pipelines and the attachment of the pipelines to two bridges on Highway 65 in Searcy County, Arkansas; and Highway 123 in Newton County, Arkansas. The contracts at issue identified ESI as the designer of the projects. Upon initial testing in September 2012,

the bridge attachments failed. In January 2013, S & J provided ESI with letters from two experts who concluded that ESI's defective design caused the failures; nevertheless, S & J offered to pay half of the costs of repair. In October 2014, ESI sent a letter to Ozark alleging that S & J's faulty construction was the cause of the failures. Subsequently, S & J sent a letter to Ozark asserting that ESI was the cause of the bridge-attachment failures, insisting that Ozark pay S & J for the repair work done to the bridges and requesting that the retainage on the contracts be released to S & J.

When Ozark refused to pay S & J the retainage and repair costs, S & J filed a breach-of-contract action against Ozark in November 2015. In its complaint, S & J alleged that the bridge attachments were improperly designed. In its answer and counterclaim for interpleader against S & J and its third-party complaint for interpleader against ESI, Ozark claimed that it withheld the remaining payments to S & J on the basis of ESI's position that the construction defects were the fault of S & J. Ozark sought to deposit the amounts due under the contracts into the registry of the court pending determination of the party at fault.

On January 24, 2018, Ozark asserted a cross-claim against ESI alleging that its flawed design, plans, and specifications were responsible for the failure of the pipeline-bridge attachments. On January 26, ESI filed a cross-claim against S & J for contribution or indemnity alleging that S & J's construction was responsible for the pipeline failures. On February 9, S & J answered ESI's cross-claim and filed an amended complaint adding a breach-of-contract claim against ESI alleging that the defects in the pipelines and bridge attachments were caused by ESI's defective designs.

In March 2018, ESI filed a motion for summary judgment alleging that Ozark's claims against ESI were barred by the statute of limitations. On February 21, 2019, the circuit court issued a letter opinion finding that S & J had not named ESI as a party defendant in the case. The court also granted ESI's motion for summary judgment, stating that "[f]rom the [c]ourt's point of view, the only issue as to ESI's liability, comes from Ozark['s] . . . crossclaim in January 2018 against ESI. . . . [T]he [c]ourt finds that ESI should be dismissed from the lawsuit based on the effective [statute of] limitation using A.C.A. § 16-56-105." The circuit court directed ESI to draft the order.

ESI's proposed summary-judgment order stated that "S & J did not sue ESI," the statute of limitations barred Ozark's cause of action against ESI, and ESI was dismissed from the lawsuit. The proposed order further stated that the court "retains jurisdiction to determine the other claims and counterclaims pending in this action between S & J and Ozark."

Upon receipt of the proposed order, counsel for S & J, on March 1, 2019, notified the circuit court of the "material mistake" in its letter opinion in finding that S & J had not filed suit against ESI. S & J pointed out that its amended complaint named ESI as a party defendant and that the circuit court's letter opinion "appears to be based upon a mistaken premise that S & J . . . had not sued ESI (when in truth and fact it had sued ESI over 1 year previously)." S & J requested that the circuit court revisit the issue and further stated that the proposed order submitted by ESI was "inaccurate and should not be entered." Nevertheless, on March 3, 2019, the circuit court entered ESI's proposed order granting

3

summary judgment in favor of ESI that included the incorrect finding that "S & J did not sue ESI."

On March 8, the circuit court issued another letter opinion admitting "with embarrassment" its mistake in stating that S & J did not sue ESI. After acknowledging its error, the court directed ESI to prepare an amended summary-judgment order removing the finding that S & J had not sued ESI. ESI did not prepare the amended summary-judgment order as instructed by the court.

The circuit court's March 8 letter opinion further instructed S & J to file a supplemental brief within fifteen days addressing how the amended summary-judgment order would affect the court's dismissal of ESI. S & J timely filed a supplemental brief on March 18 arguing that ESI was still a proper party to the case, that S & J's claims against ESI were rooted in contribution or indemnity, and that the statute of limitations on those claims had not expired. In its March 25 supplemental brief, ESI asserted that S & J 's amended complaint raised only breach-of-contract claims against Ozark and ESI and that S & J's breach-of-contract claims against ESI had been resolved in a settlement agreement between S & J and ESI on March 8, 2018.

Nearly three months later, on June 17, S & J wrote a letter to the circuit court asking it to hold a conference call or to rule on the parties' supplemental briefs. After another three months with no response from the circuit court, on September 24, S & J filed a motion for an amended order confirming that ESI is still a party in the lawsuit with regard to S & J's cross-claim against ESI. S & J asserted that its earlier pleadings alleged that the defects in the

4

pipelines and bridge attachments were caused by ESI's defective design. S & J further argued that ESI moved for summary judgment only against Ozark, the circuit court had not considered S & J's independent claims against ESI, and ESI failed to prepare the amended summary-judgment order as directed by the court.

ESI responded on October 2, contending that the circuit court's March 2019 summary-judgment order dismissing all claims against ESI was a final order, was never appealed, and res judicata prevented consideration of S & J's claims against ESI. ESI also moved for summary judgment against S & J on October 2, arguing that S & J's claims were based in contract—not contribution or indemnity—and were barred by the statute of limitations. On October 28, S & J replied and argued that the court's March 2019 order was not a final order from which it could have appealed. S & J further argued that, assuming the March 2019 order constituted a judgment, which S & J disputed, Rule 60(b) of the Arkansas Rules of Civil Procedure allowed the court to modify its order. ESI replied, arguing that Rule 60(b) applies only to clerical errors, which it claimed were not at issue here, and that Rule 60(a) precluded the court from modifying or vacating a judgment ninety days after it had been entered.

After a hearing on S & J's and ESI's motions, the circuit court issued a letter opinion on November 13, stating that it "wish[ed] to correct the [March 2019] order" but was precluded by Rule 60(a) of the Arkansas Rules of Civil Procedure from amending it because more than ninety days had elapsed since the order was entered. The court further found that Rule 60(b) did not apply because its mistake was not a "clerical error." The court again

5

acknowledged that an amended order should have been entered, but "regrettably" was not, and it was too late for the court to make substantive changes to the March 2019 summary-judgment order.

Thereafter, the court entered an order on December 9 finding that it lacked authority to correct its March 2019 summary-judgment order dismissing ESI, which the court admitted "it probably should not have done." The court found that Rule 60 did not give it authority to amend the March 2019 order. Finally, the court certified its December 2019 order stating, "Without entry of an Ark. R. Civ. P. 54(b) [c]ertificate, S & J will be precluded from appealing the March 3, 2019 [o]rder until the end of the case." The December 2019 order did not address or rule on ESI's motion for summary judgment. This appeal followed.

The construction of a court rule is a question of law, which we review de novo. *State of Ark. ex rel. Rutledge v. Purdue Pharma L.P.*, 2021 Ark. 133, at 8, 624 S.W.3d 106, 110. When construing a court rule, we use the same means and canons of construction used to interpret statutes. *Id.*, 624 S.W.3d at 110. The principal rule of statutory construction is to construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*, 624 S.W.3d at 110. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* at 8–9, 624 S.W.3d at 110. We will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Magness v. Graddy*, 2021 Ark. App. 119, at 7, 619 S.W.3d 878, 883.

6

On appeal, S & J makes several arguments. First, S & J contends that ESI's original motion for summary judgment pertained exclusively to Ozark's claims; therefore, the circuit court could not have contemplated or ruled upon S & J's claims against ESI in the March 2019 summary-judgment order. Second, S & J argues that it immediately contacted the court regarding its error in the March 2019 order, the court acknowledged its error, and the court directed ESI to correct the error, but ESI failed to do so. Third, S & J argues that the circuit court's March 2019 order is not final and that the court possesses the authority to amend it.[1] We agree with S & J's third argument and hold that the circuit court had the authority to amend the March 2019 summary-judgment order and that the court erred in finding in its December 2019 order that it did not.

Rule 54(b)(2) of the Arkansas Rules of Civil Procedure provides the following:

> Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the judgment, order*, or other form of decision *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.*

Ark. R. Civ. P. 54(b)(2) (2022) (emphasis added). Prior to final judgment, a circuit court is at liberty to reconsider its previous, nonfinal rulings and decisions. *S. Farm Bureau Cas. Ins.*

---

[1]While ESI argues in a footnote in its brief that S & J did not argue below that Rule 60 does not apply to nonfinal orders, we note that S & J did argue below that the March 2019 summary-judgment order was not a final order and that the circuit court had the authority to correct it.

*Co. v. Parsons*, 2015 Ark. App. 95, at 4; *see also A Time for You, LLC v. Park H Props., LLC*, 2019 Ark. App. 282, at 4–5 (citing Arkansas Rule of Civil Procedure 54(b)(2) and stating that partial summary judgment is subject to reconsideration and revision before final resolution of the case).

In the case at bar, the March 2019 summary-judgment order is not a final order because it did not dispose of the claims between S & J and Ozark. The March 2019 order specifically states that the court "retains jurisdiction to determine the other claims and counterclaims pending in this action between S & J and Ozark." An order granting summary judgment is not a final order when it does not dispose of all the claims of all the parties. *See Van DeVeer v. George's Flowers, Inc.*, 76 Ark. App. 408, 409–10, 65 S.W.3d 488, 490 (2002); *McKim v. Sullivan*, 2018 Ark. App. 260, at 5, 548 S.W.3d 835, 838. This is precisely the reason why a Rule 54(b) certificate was included in the December 2019 order.

The parties on appeal agree that the March 2019 order is not a final order. Moreover, the parties on appeal agree that under Rule 54(b)(2), the circuit court was free to reconsider its March 2019 order because it was not final. Despite conceding that the circuit court had the authority to reconsider the March 2019 order, ESI argues that this court should nevertheless affirm the December 2019 order because the record reveals that S & J has no claims pending against ESI as a result of a previously reached settlement between the parties and because S & J's claims for contribution or indemnity against ESI are barred by the statute

of limitations.[2] ESI raised these arguments in its motion for summary judgment against S & J; however, the circuit court did not rule on that motion or make any findings related to these two arguments. Arkansas appellate courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *Proctor v. Cabot Sch. Dist.*, 2013 Ark. App. 366, at 5 (citing *Olsen v. East End Sch. Dist.*, 84 Ark. App. 439, 446, 143 S.W.3d 576, 581 (2004); *Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002); *E-Z Cash Advance, Inc. v. Harris*, 347 Ark. 132, 60 S.W.3d 436 (2001); *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000)). Because the circuit court did not specifically rule on these issues, we are precluded from addressing the merits of them on appeal. *Proctor*, 2013 Ark. App. 366, at 5.

In conclusion, we hold that, pursuant to Rule 54(b)(2) and the case law cited above, the circuit court had the authority to amend the March 2019 summary-judgment order; therefore, it erred in concluding in its December 9, 2019 order that it did not.[3] Accordingly, we reverse the December 2019 order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[2]S & J and ESI strongly disagree on the issues of the effect of the settlement agreement and the viability of S & J's contribution or indemnity claim against ESI.

[3]In light of our holding that the circuit court was authorized under Rule 54(b)(2) to amend its nonfinal March 2019 summary-judgment order, we need not address S & J's argument that the court erred in finding that it lacked authority to amend the order under Arkansas Rule of Civil Procedure 60.

KLAPPENBACH and HIXSON, JJ., agree.

*James, House, Downing & Lueken, P.A.*, by: *Matthew R. House*; and *Walter Murray Law Firm*, by: *Walter A. Murray*, for appellant.

*Rose Law Firm, a Professional Association*, by: *David M. Powell* and *Joseph Hall*, for separate appellee Engineering Services, Inc.

*Friday, Eldredge & Clark, LLP*, by: *Bruce B. Tidwell* and *Joshua C. Ashley*, for separate appellee Ozark Mountain Regional Public Water Authority.