Cite as 2023 Ark. 159

# SUPREME COURT OF ARKANSAS
**No.** CV–22–600

| | |
|---|---|
| | **Opinion Delivered:** November 9, 2023 |
| JEREMY COOK AND RONNIE HEDGE<br>APPELLANTS | |
| | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT<br>[NO. 60CV-19-605] |
| V. | |
| THE MOST WORSHIPFUL GRAND<br>LODGE, FREE AND ACCEPTED<br>MASONS OF THE STATE OF<br>ARKANSAS, AND ITS MASONIC<br>JURISDICTION (GRAND LODGE);<br>CARL E. NELSON; ROBERT L.<br>JACKSON; BOYD FREEMAN; SAMUEL<br>D. LATTIN; GEORGE K. COFFMAN<br>(DECEASED); ARNOLD G. HODGE;<br>CHARLES H. FERGUSON; MARTIN E.<br>WARREN; BILLY JOE HOLDER;<br>BRADLEY R. PHILLIPS; GEORGE R.<br>FRANKS, JR.; AND CHRIS YOUNG, ALL<br>IN THEIR INDIVIDUAL CAPACITIES<br>AND IN THEIR OFFICIAL CAPACITIES<br>AS OFFICE HOLDERS AND MEMBERS<br>OF THE GRAND LODGE; AND JOHN<br>DOES 1–25<br>APPELLEES | HONORABLE WENDELL GRIFFEN,<br>JUDGE<br><br><br>COURT OF APPEALS ORDER<br>VACATED; MOTION FOR WRIT OF<br>CERTIORARI TO COMPLETE THE<br>RECORD DENIED; MOTION TO<br>DISMISS APPEAL GRANTED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants, Jeremy Cook and Ronnie Hedge (Cook), appealed a May 26, 2022 order

from the Pulaski County Circuit Court dismissing their complaint against the Grand Lodge.[1]

---

[1]In his complaint in the circuit court, Cook named as defendants The Most Worshipful
Grand Lodge, Free and Accepted Masons of the State of Arkansas, and Its Masonic Jurisdiction
(Grand Lodge); Carl E. Nelson; Robert L. Jackson; Boyd Freeman; Samuel D. Lattin; George

On November 2, 2022, our court of appeals granted the Grand Lodge's motion to dismiss based on Cook's failure to file a complete record, while at the same time denying Cook's motion for writ of certiorari to complete the record. We granted Cook's petition for review. Cook argues that because he could not in good faith file a motion for an extension of time to prepare the record, he should be allowed to file as much of the record as possible and move for certiorari to complete the record within ninety days. Cook alternatively argues that it would be unjust to dismiss the appeal with such a small portion of the record missing. We vacate the court of appeals' order, deny Cook's motion for writ of certiorari to complete the record, and grant the Grand Lodge's motion to dismiss the appeal.

Cook filed a complaint on January 31, 2019, asserting claims arising from his activities as a member of the Grand Lodge. The Grand Lodge filed a motion to dismiss for failure to state a claim upon which relief may be granted, and the circuit court held a hearing on January 14, 2021. On May 26, 2022, the circuit court granted the motion and dismissed the appellants' complaint. The circuit court explained that Cook's complaint was legally insufficient and that it was granting the Grand Lodge's motion "for the reasons stated on the record during the hearing on January 14, 2022[.]"

Cook filed an amended notice of appeal on June 24, 2022. He designated "the complete Circuit Court Record, including the transcript of all hearings, and all pleadings and rulings filed

K. Coffman; Arnold G. Hodge; Charles H. Ferguson; Martin E. Warren; Billy Joe Holder; Bradley R. Phillips; George R. Franks, Jr.; and Chris Young, all in their individual capacities and in their official capacities as office holders and members of the Grand Lodge; and John Does 1–25. The defendants in the circuit court action are the appellees herein, and we will refer to them collectively as "the Grand Lodge."

with the Circuit Clerk, as the record on appeal." He also made arrangements with the court reporter to prepare a transcript of the hearing. However, Cook had not received the transcript as the deadline to file the record approached. Cook timely filed a record of the pleadings on September 22, 2022, but he did not file the transcript or seek an extension of time to do so from the circuit court pursuant to Rule 5(b)(1) of the Arkansas Rules of Appellate Procedure—Civil. That same day, Cook filed a motion for writ of certiorari to complete the record pursuant to Arkansas Supreme Court Rule 3-5. Cook's motion explained that

> as of this filing Appellants have not received the [transcript] although inquiry has been made about it. See Exhibit A to this Motion. . . Out of an abundance of caution, Appellants move for the Court to issue an Order for Certiorari to complete the record pursuant to Rule 3-5 of the Arkansas Rules of the Supreme Court and Court of Appeals.

Exhibit A was an email chain between Cook's attorney and court reporter Neva Warford. The emails demonstrate that on the day that Cook filed the appeal, his attorney contacted Warford to arrange for preparation of the transcript and the payment thereof. Warford advised Cook's attorney that "[i]t was a short hearing" and would be "about $115 at the most." Cook's attorney sent another email on August 24 indicating that he had spoken with Warford that day and was sending the email to her as a "reminder." Warford did not respond. On September 16, Cook's attorney sent another email inquiring about the status of the transcript and advising Warford that the transcript was due the following week. There was no further response from Warford, and no transcript was filed.

On October 6, 2022, the Grand Lodge filed a motion seeking to dismiss the appeal for lack of jurisdiction. The Grand Lodge argued that Cook had failed to avail himself of the extensions available pursuant to Rule 5. In response, Cook argued that he could not seek an

extension in good faith because he could not show that an extension was "necessary" as required by Rule 5(b)(1)(E). Citing *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003), the court of appeals on November 2, 2022, denied Cook's motion for writ of certiorari to complete the record. That syllabus-entry order also granted the Grand Lodge's motion to dismiss. We granted Cook's petition for review. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *Parsons v. Preferred Family Healthcare, Inc.*, 2023 Ark. 56, 662 S.W.3d 654.

We turn now to Cook's arguments. Pursuant to Rule 5(a) of the Arkansas Rules of Appellate Procedure—Civil, the record must be filed with the clerk of the Arkansas Supreme Court within ninety days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as provided in Rule 5(b). *Medicanna, LLC v. Ark. Dep't of Fin. & Admin.*, 2021 Ark. 227. The complete record was not filed, and Cook contends that he could not in good faith have filed a motion for an extension because he could not show that more time was necessary as required by Rule 5(b)(1)(E). Cook claims that filing such a meritless motion would violate his ethical obligations under Rule 11 of the Arkansas Rules of Appellate Procedure—Civil. Cook estimates that the transcript should have consisted of about twenty-two pages. In his view, there was "no conceivable reason" why Warford could not complete the transcript in three months. Cook therefore insists that any motion arguing that more time was necessary would have been frivolous.

Cook's appeal requires us to construe our court rules. We construe court rules using the same means and canons of construction used to interpret statutes. *Tollett v. Wilson*, 2020 Ark. 326, 608 S.W.3d 602. The principal rule of statutory construction is to construe a statute just

4

as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *State ex rel. Rutledge v. Purdue Parma L.P.*, 2021 Ark. 133, 624 S.W.3d 106.

The issue in the instant case presented is whether Cook's ethical obligations prevented him from filing a motion for an extension and consequently from obtaining an extension order pursuant to Rule 5(b). Rule 5(b) provides in relevant part:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> . . .

> (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

> (2) In no event shall the time be extended more than seven (7) months from the date of the filing of the first notice of appeal.

> (3) If the appellant has obtained the maximum seven-month extension available from the circuit court, or demonstrates (by affidavit or otherwise) an inability to obtain entry of an order of extension, then before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

Ark. R. App. P.–Civ. 5(b) (2022). We have said that we expect strict compliance with Rule 5. *Rose Care, Inc. v. Jones*, 355 Ark. 682, 144 S.W.3d 738 (2004): *Hickson v. Ark. Dep't of Hum. Servs.*, 357 Ark. 577, 182 S.W.3d 483 (2004).

Cook's argument that he could not in good faith seek an extension because the court

5

reporter should have had enough time to transcribe such a short hearing is misplaced. The requirements specified in Rule 5(b)(1)(E) do not address how long it may take a court reporter to transcribe a hearing. Instead, the plain language of the rule requires the circuit court to determine whether "[a]n extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal[.]" It is axiomatic that if a transcript is not available, more time is necessary for the court reporter to "include the transcript in the record on appeal[.]" Additionally, Warford's statement that the hearing was "short" does not in any way indicate that she could prepare the transcript within ninety days. In fact, she was referring to the expected cost for the transcript—not the time it would take her to finish its preparation. Therefore, we disagree with Cook's argument that an extension was unavailable because his ethical obligations prevented him from requesting one. Likewise, Cook's motion for writ of certiorari did not demonstrate that he was unable to obtain an extension from the circuit court as required by Rule 5(b)(3). Cook's motion for writ of certiorari merely states that he was filing the motion as a precaution because he had not yet received the transcript. Notably, it makes no reference to his ethical obligations. Thus, Cook failed to obtain an extension order from the circuit court or demonstrate that he was unable to do so.[2]

---

[2]Although we are not persuaded by Cook's claim that *Coggins*, 353 Ark. 431, 108 S.W.3d 588 mandates the opposite result, we are equally convinced that *Coggins* does not control the outcome of this appeal. *Coggins* is like this appeal in that it involved issues with obtaining a transcript from the court reporter. Both Cook and the appellant in *Coggins* filed a partial record and then sought a writ of certiorari to complete the record instead of requesting additional time. However, the appellant in *Coggins* filed a "scant" partial record and did not include all the pleadings, even though the court reporter had no responsibility to secure those documents. Here, Cook filed everything except the transcript. These distinctions highlight the need for our review and the clarity that a written opinion provides.

Cook's second argument is that it would be unjust to dismiss his appeal because only a "short" portion was missing from the record. This argument is refuted by Cook's own designation of the transcript as part of the appellate record. Furthermore, the circuit court's order dismissing the complaint specifically stated that the Grand Lodge's motion was granted "for the reasons stated on the record during the hearing on January 14, 2022[.]" The fact that the hearing may have been short does not mean that it was not a necessary part of the designated record or that it would be unjust to require its inclusion.

Court of appeals order vacated; motion for writ of certiorari to complete the record denied; motion to dismiss appeal granted.

Special Justice TIFFANY BROWN joins.

KEMP, C.J., not participating.

*Baker Schulze & Murphy*, by: *J.G. "Gerry" Schulze*, for appellants.

*Barber Law Firm, PLLC*, by: *Adam D. Franks*, for appellees.