Cite as 2024 Ark. App. 497

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-23-724

| | |
|---|---|
| | **Opinion Delivered** October 9, 2024 |
| LARRY WAYNE MATHIS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| APPELLANT | [NO. 60CR-21-4454] |
| V. | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | DISMISSED |
| APPELLEE | |

## WAYMOND M. BROWN, Judge

Appellant Larry Mathis appeals from the August 1, 2023 order of the Pulaski County Circuit Court granting the State's motion to dismiss his appeal to that court from the Little Rock District Court. Mathis argues that the circuit court erred in dismissing his appeal because his failure to include a docket sheet in the timely filed certified record did not deprive the circuit court of jurisdiction over the appeal. We dismiss the appeal for lack of jurisdiction.

On November 8, 2021, following a bench trial, Mathis was found guilty of Class A misdemeanor terroristic threatening in the second degree in violation of Arkansas Code Annotated section 5-13-301(b) (Supp. 2023).[1] He was sentenced to one year of jail time, suspended, and a one-year no-contact order was issued. He was also fined $150 and ordered to pay $180 in court costs. On December 2, Mathis

---

[1] The appeal transcript and appeal bond mistakenly state that Mathis was found guilty of harassment.

filed with the Pulaski County circuit clerk a notice of appeal of the conviction and certified copies of documents from the district court proceeding.

After multiple continuances, the case was set for jury trial in the circuit court on August 1, 2023. The day before the scheduled trial, the State moved to dismiss Mathis's appeal for lack of jurisdiction, arguing that he failed to perfect his appeal because a copy of the district court docket sheet was not included in the appeal paperwork. Mathis filed a response to the State's dismissal motion, arguing that the judicial admissions and concessions made by the State in its dismissal motion "dispense[d] with the need for a copy of the district court's docket sheet as part of the certified copy of the December 2, 2021, appeal transcript filed in the district court."

The court heard arguments on the State's motion to dismiss. Citing Arkansas Rule of Criminal Procedure 36, the State asserted that a defendant is required to file a certified record of the proceedings in the district court, which, at a minimum, must include a certified copy of the district court's docket sheet. The State argued that, here, Mathis "filed a notice of appeal, the unserved warrant, the informa pauperis order and petition for his appeal, the citation to appear in district court, the affidavit, the no-contact order and the order extending the no-contact order. There is no certified record of the proceeding. There is no copy of the district court's docket sheet." The State further explained that a circuit court acquires jurisdiction over an appeal from district court when a certified record is timely filed in the circuit court. Because Mathis failed to include the docket sheet, no timely certified record was filed; thus, jurisdiction over the appeal was not acquired.

Mathis denied that the circuit court lacked jurisdiction of his appeal. He argued that the appeal packet contained a certified transcript from the district court and acknowledged that it did not contain a docket sheet. Mathis contends that this omission is not fatal to his appeal, arguing that Arkansas Rule of Criminal Procedure 36(c) is administrative rather than jurisdictional. Mathis stated that the appeal

2

transcript demonstrated that he attempted to acquire the proper paperwork from the district court clerk to be filed within the thirty-day time limit to file an appeal; however, the district court failed to follow through with his request. The circuit court disagreed that Mathis's failure to include a docket sheet was merely administrative. An order dismissing the appeal was entered on August 1. Mathis appealed.

The issue on appeal is whether a circuit court is divested of jurisdiction over a district court appeal when the docket sheet is missing from a timely filed packet of appeal documents. Mathis argues that the timely filing of an incomplete record conferred jurisdiction to the circuit court.

Issues of statutory interpretation are reviewed de novo.[2] The first rule of interpreting a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning.[3] When the language is plain and unambiguous, there is no occasion to resort to rules of statutory interpretation, and the analysis need go no further.[4]

Rule 36 of the Arkansas Rules of Criminal Procedure sets out the process to appeal a district court criminal conviction to the circuit court. Rule 36(c) provides that a defendant appeals a district court conviction by filing a certified record of the district court proceedings with the clerk of the circuit court within thirty days. The record of the proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court.[5] It is expressly the defendant's responsibility to

---

[2] *State v. Torres*, 2021 Ark. 22, 617 S.W.3d 232.

[3] *Tollett v. Wilson*, 2020 Ark. 326, 608 S.W.3d 602.

[4] *Id.*

[5] Ark. R. Crim. P. 36(c).

timely file the record.[6] Rule 36(c) additionally explains that, except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

The plain language of Rule 36(c) provides that the certified record of the district court proceedings must include a copy of the district court docket sheet to perfect an appeal. While a docket sheet alone can amount to a certified record, no volume of other documents can qualify as a certified record in the absence of a docket sheet. Mathis undisputedly failed to include the required docket sheet in the record of proceedings filed with the circuit clerk. Because no docket sheet was included, a certified record was not filed; therefore, according to the plain language of Rule 36(c), the circuit court never acquired jurisdiction of the appeal.

Additionally, we are unpersuaded by Mathis's argument that an incomplete record still vests the circuit court with jurisdiction, and any deficiency in the certified appeal record may be cured by an order of the circuit court to complete the record and "address any preliminary issues pertaining to the appeal." Again, the circuit court acquires jurisdiction over a de novo appeal from district court when a certified record from the district court is timely filed in the circuit court.[7] Here, because the documents presented by Mathis on appeal did not include the minimum requirement of a docket sheet, he never tendered a certified record to the circuit court. Therefore, the circuit court lacked jurisdiction to enter any "preliminary" orders.

Accordingly, because Mathis failed to file in the circuit court a certified record meeting the minimum requirements of Rule 36(c), the circuit court lacked jurisdiction over the appeal of his district

[6]*Id.*

[7]*State v. Van Voast*, 2022 Ark. 195.

court conviction. Where, as here, the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction.[8]

We dismiss the appeal for lack of jurisdiction.

Dismissed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[8]*Samples v. State*, 2012 Ark. 146.